

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-1999

# USA v. Huang

Precedential or Non-Precedential:

Docket 98-5393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"USA v. Huang" (1999). *1999 Decisions.* Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 24, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-5393

UNITED STATES OF AMERICA

v.

DA PING HUANG,
        Appellant

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 94-cr-00570-02
District Judge: Honorable Mary Little Cooper,
District Judge

Submitted Under Third Circuit LAR 34.1(a)
March 26, 1999

Before: GREENBERG, ROTH, and ROSENN,
Circuit Judges.

(Filed May 24, 1999)

        George S. Leone
        Shawna H. Yen
        Office of United States Attorney
        970 Broad Street, Room 700
        Newark, NJ 07102
        Counsel for Appellee

        Po W. Yuen
        Yuen & Yuen
        70 Bowery, Suite 205
        New York, NY 10013
        Counsel for Appellant

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal raises a question of first impression in this circuit, and apparently the nation, relating to the enforcement of a cooperative plea agreement in the course of the sentencing proceedings under the United States Guidelines. In determining whether the Government breached its agreement under the plea agreement to move for a downward departure in the sentencing proceedings before the United States District Court for the District of New Jersey, the defendant raised an issue pertaining to the scope of review to be employed by the sentencing court when the plea agreement does not contain language expressly reserving unto the Government the sole discretion to determine whether the defendant is entitled to a motion for departure under section 5K.1 of the Guidelines.

The district court concluded that the agreement in this case must be interpreted as reserving to the Government the sole discretion to determine, on a subjective basis, whether defendant's cooperation complied with the agreement. The court, therefore, held that the Government's refusal to move for a downward departure was reviewable only for unconstitutional motive or bad faith. The court found neither; it held that the Government did not break the plea agreement by declining to move for a departure, and that no hearing was necessary to resolve the issue. The defendant timely appealed.1 We affirm.

I.

A federal grand jury for the District of New Jersey indicted the defendant Da Ping Huang for conspiracy to distribute and possess with intent to distribute 700 grams of heroin in violation of 21 U.S.C. SS 841(a)(1) and 846

_____

1. The district court had subject matter jurisdiction under 18 U.S.C. S 3231 and this court has appellate jurisdiction under 28 U.S.C. S 1291 and 18 U.S.C. S 3742.

2

(Count I), as well as with the crime of possession with intent to distribute 700 grams of heroin in violation of 21 U.S.C. S 841(a)(1) and 18 U.S.C. S 2 (Count II).

The defendant pled guilty to Count I pursuant to a plea agreement. Under the terms of the agreement, the defendant agreed to cooperate with the Government, including truthfully disclosing all information concerning all matters about which the Government inquired. The agreement also provided that if (1) the defendant fully complied with the terms of the plea agreement and (2) provided substantial assistance with respect to one or more persons who have committed offenses, the Government would move the sentencing court for a downward departure pursuant to U.S.S.G. S 5K1.1.

Prior to the defendant's sentencing, the Government informed him that he failed to honor his obligations under the plea agreement, and that it would not be moving for a downward departure in his sentence. The court sentenced the defendant within the guideline range to a term of 80 months of imprisonment. The defendant appealed to this court on the basis that the Government breached its obligation under the plea agreement to move for a downward departure from the guidelines. This court remanded the case to the district court to determine whether the defendant could establish a breach of the plea agreement.

On remand, the defendant conceded that "the Government is relieved of its obligations if Da Ping Huang had breached the Plea Agreement." The defendant applied for specific performance to have the Government move for a downward departure of his sentence. Alternatively, he moved for leave to withdraw his guilty plea if specific performance were denied. The district court heard arguments on the defendant's motions. On July 22, 1998, the district court by written opinion and order denied the motions.

II.

The Government must adhere to the terms of a plea agreement because it is well established that the agreement

3

itself is part of the inducement for the defendant to enter a guilty plea. See, e.g., United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989). The defendant has the burden to establish breach of a plea agreement by a preponderance of the evidence. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). Whether the Government violated a plea agreement is a question of law subject to de novo review. See United States v. Roman, 121 F.3d 136, 142 (3d Cir. 1997).

A.

The cooperative plea agreement provided that if Da Ping Huang "fully complies with this agreement prior to his sentencing, provides substantial assistance in the investigation or prosecution of one or more persons who have committed offenses," the United States will move the sentencing court under section 5K.1 to depart from the applied guideline range.2 On appeal, the central question that concerns us is whether the district court erred in its interpretation that the plea agreement required the defendant to satisfy the Government that he complied with its terms and provided substantial assistance to the Government in the investigation of one or two persons who had committed offenses. The defendant contends that the plea agreement does not involve an existing ambiguous contractual term which requires construction but "involves an attempt by the Government to add a term that is completely absent from the agreement." (Emphasis

_____

2. In pertinent part, the plea agreement provided:

    [I]f Da Ping Huang fully complies with this agreement and, prior to his sentencing, provides substantial assistance in the investigation
    or prosecution of one or more persons who have committed offenses, the United States: (1) will move the sentencing court, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range; (2) may move the sentencing court, pursuant to 18 U.S.C. S 3553(e), to impose a sentence lower than the statutory minimum term of imprisonment offive years; or (3) in the event that the sentencing court declines to depart from the
    applicable guideline range, will recommend that the sentencing court impose the minimum sentence required under the applicable guideline range.

4

included). The defendant therefore concludes that it is the court, not the prosecution, that determines the issue of fact and law, on an objective basis, and that the burden of proof is on the Government to establish that the defendant did not comply with his obligations under the agreement. If this were a case solely of ordinary contract law, there would be considerable merit to the defendant's contention.

Unfortunately for the defendant, a cooperative plea agreement in a criminal sentencing proceeding under current law is not altogether the same as a civil contract dispute, although civil contract law is important and useful in its interpretation. United States v. Khan, 920 F.2d 1100, 1105 (2nd Cir. 1990). The agreement must also be construed in light of the applicable federal statute and related Sentencing Guidelines. Judge Cooper, in a carefully analyzed opinion, examined the law pertaining to plea agreements and focused on the absence in this plea agreement of any provision in which the Government expressly reserved the sole discretion to determine whether the defendant is entitled to a motion for a section 5K.1 departure. The Government concedes that the agreement contained no such provision. However, it argues, as it did in the district court, that the plea agreement should be interpreted similarly to those agreements which expressly reserves to the Government "sole discretion" in the matters of 5K.1 motions and the exercise of that discretion by the Government on a subjective basis. We are constrained to agree.

The district court interpreted the plea agreement, particularly its critical portions relating to the Government's obligation to move for a downward departure and the defendant's obligation to cooperate, under contract law standards. It concluded that the agreement is a completely integrated agreement. Nonetheless, it must be interpreted in the context of the circumstances under which it was formulated and general principles of the interpretation of contracts. See Restatement (Second) of Contracts S 212(1).

Under the plea agreement, the Government agreed that if Da Ping Huang fully complies with this agreement, prior to sentencing, provides substantial assistance, the United

5

States "(1) will move the sentencing court, pursuant to section 5K.1 of the sentencing guidelines to depart from the otherwise applicable guideline range; (2) may move the sentencing court, pursuant to 18 U.S.C. S 3553(e) to impose a sentence lower than the statutory term of imprisonment of five years; ... ."

Thus, although the agreement did not specifically reserve to the Government the sole discretion to evaluate whether the defendant has rendered substantial assistance, it "contemplate[d] that any downward departure motion must be made `pursuant to' 18 U.S.C. S 3553(e) and Guidelines 5K1.1." United States v. Rexach, 896 F.2d 710, 714 (2nd Cir. 1990). The statute and the policy statement of the Guidelines 5K1.1 both provide for downward departures when a defendant furnishes substantial assistance. Such departures may be made upon motion of the Government. When Congress amended the sentencing statute to add subsection (e) to 18 U.S.C. S 3553, it limited the district court's power to impose a sentence below the level established as a minimum "to motions by the Government and in accordance with the guidelines and policy statements issued by the Sentencing Commission."

Thus, the plea agreement was implicitly subject to the statute and the Sentencing Guidelines and both expressly lodge the decision to make the motion in the Government's discretion, regardless of whether the Government expressly reserved such decision in the plea agreement. See Rexach, 896 F.2d at 913. The negotiations between the parties to the agreement are consistent with this conclusion. The district court found that it was undisputed that during the plea negotiations, the defendant's counsel demanded that if the Government decided not to move for a downward departure, it would have to justify that decision in court under an objective standard. The Government rejected that proposal.

Thus, the district court had a very limited role in reviewing the Government's refusal to move for a downward departure. In United States v. Isaac, 141 F.3d 477 (3d Cir. 1998), this court held that a cooperative plea agreement providing for a motion for downward departure conditioned on satisfaction of the obligation does not altogether strip

6

the district court of power to review the Government's performance under the contract. We were persuaded by the analysis in Rexach that "a district court is empowered to examine for `good faith' a prosecutor's refusal to file a S 5K1.1 motion pursuant to a plea agreement that gives the prosecutor `sole discretion' to determine whether the defendant's assistance was substantial." 141 F.3d at 483. This requirement is common in contract law and merely requires "that the Government's position be based on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance." Id. at 484.

We, therefore, agree with the district court and hold that the Government's decision not to move for a departure is reviewable only for bad faith or an unconstitutional motive. Huang has not alleged bad faith or an unconstitutional motive.

Thus, the district court denied the defendant's request to review the Government's refusal to move for downward departure. The court held no hearing because it was satisfied from the proffer of the defendant at oral argument that a hearing would provide no significant assistance even if it were applying the objective standard urged by the defendant. We see no error in both the court's denial of the defendant's request for review of the Government's action and for a hearing.

B.

We turn to the defendant's argument that this court must reverse the district court's denial of his motion for leave to withdraw his guilty plea because the plea agreement expressly provides that it "shall be null and void" if it is established that he violated any provision thereof.3 We disagree.

_____

3. The agreement provided:

> Should Da Ping Huang withdraw from this agreement, or should Da Ping Huang commit any federal, state or local crime between the date of this agreement and his sentencing in this matter, or should it be established that Da Ping Huang intentionally has given materially false, misleading, or incomplete testimony or information
> or otherwise has violated any provision of this agreement, this agreement shall be null and void.

(emphasis added)

7

The defendant presents the remarkable proposition that when the Government refuses to move for a downward departure in the sentence because the defendant has not performed under his plea agreement, he should be permitted to withdraw his guilty plea. This would reward the defendant for his breach of the plea agreement and turn the entire sentencing process in the nation into chaos. It makes no sense and we reject it. Moreover, we are troubled by the defendant's failure to seek a withdrawal of his guilty plea at or prior to his sentencing hearing despite notice from the Government before the hearing that it would not be making a section 5K1.1 downward departure motion. Additionally, the defendant did not seek to withdraw his guilty plea in his first appeal to this court. Only on December 3, 1997, by letter brief to the district court before the status conference on remand did the defendant raise this remedy for the first time.

Accordingly, we conclude that the defendant's breach of the plea agreement does not permit him to withdraw his guilty plea.

III.

Accordingly, for the reasons set forth above, the judgment of the district court will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit