**UNITED STATES of America,**

v.

**Francisco DE LOS SANTOS, Appellant.**

No. 99–5982.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) April 12, 2002.

Opinion Filed April 26, 2002.

Before McKEE, and FUENTES, Circuit Judges, and POGUE, Judge.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

This case asks us whether the inclusion of certain information in Defendant Fransisco De Los Santos's Presentence Investigation Report violated the terms of his cooperation agreement, his Fifth Amendment rights, or the stricture of U.S. Sentencing Guideline § 1B1.8.

The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, and this Court retains jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. Whether the Government violated a plea or cooperation agreement is a question of law to be reviewed de novo. See, e.g., *United States v. Huang*, 178 F.3d 184, 187 (3d Cir.1999). The District Court's legal construction of the Sentencing Guidelines is subject to plenary review. See, e.g., *United States v. Medeiros*, 884 F.2d 75, 78 (3d Cir.1989).

At his initial appearance before the District Court, De Los Santos waived indictment and was arraigned on a one count information charging him with the violation of 21 U.S.C. § 846. He entered a guilty plea at that time pursuant to a plea and cooperation agreement. Prior to sentencing, the Government moved for a downward departure under U.S. Sentencing Guideline § 5K.1. This motion was granted, and a sentence of 78 months of incarceration followed by five years of supervised release, as well as a $1000 fine was imposed.

De Los Santos argues on appeal that the Government violated his plea agreement when it provided information to the District Court and the Probation Office concerning additional quantities of cocaine he admitted to dealing in the course of his cooperation. These quantities were beyond the amount he expressly assumed responsibility for in his plea. De Los Santos also argues that his sentence should be vacated and his case remanded for resentencing because the District Court impermissibly utilized facts obtained from him through his cooperation agreement as "aggravating factors" weighed in the course of his sentencing. We find these arguments to be without merit.

This Court employs a three-part test to ascertain whether or not the Government has breached a plea agreement:

First, [the Court] will identify the terms of the agreement and the alleged improper conduct of the government. Second, [the Court] will determine whether the government violated its obligations under the plea agreement. Third, [the Court] will fashion an appropriate remedy for any violations that occurred.

*United States v. Nolan–Cooper*, 155 F.3d 221, 235 (3d Cir.1998). In ascertaining "whether the plea agreement has been breached, courts must determine 'whether the government's conduct is inconsistent with what was reasonably understood by

the defendant when entering the plea of guilty.'" *Id.* at 236 (quoting *United States v. Badaracco,* 954 F.2d 928, 939 (3d Cir. 1992)). Nonetheless, "cases of disappointed but unfounded expectations must be carefully distinguished from those in which the defendant's expectations as to his sentence are predicated upon promises by the Government or statements from the court." *Badaracco,* 954 F.2d at 938 (internal quotations omitted). In this case, no analysis of De Los Santos's asserted expectations may be properly termed reasonable.

We first note that the plea agreement clearly stipulated that "all other information relevant to sentencing, favorable or unfavorable, including information provided ... before and after signing this agreement" would be furnished to both the sentencing judge and the U.S. Probation Office. Further, De Los Santos expressly acknowledged to the District Court that the agreement had been read to him in its entirety and that he understood its terms. We note as well his attorney's express acknowledgment that the information concerning the additional quantities of cocaine would be utilized to inform the court's determination as to the extent of the U.S.S.G. § 5K1.1 departure. Moreover, the quantities of cocaine in question were neither mentioned nor considered until after the District Court had already set De Los Santos's offense level and granted the government's motion for a downward departure.

Finally, we note that, at the sentencing hearing, the Government requested that the District Court use the parties' stipulated quantity of cocaine only, and not the additional quantities that the Probation Office had included in De Los Santos's PSR. Indeed, at sentencing, the District Court explicitly made mention of the fact that the additional quantities of cocaine would not be considered an aggravating factor.

There being no viable basis upon which to vacate De Los Santos's sentence, we will thus AFFIRM the judgment of the District Court.