

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2003

# USA v. Arreguin-Jimenez

Precedential or Non-Precedential: Non-Precedential

Docket 02-1809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Arreguin-Jimenez" (2003). *2003 Decisions.* Paper 797.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/797

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 02-1809

————————

UNITED STATES OF AMERICA

v.

ENRIQUE ARREGUIN-JIMENEZ,
                                                    Appellant

————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00334)
District Court Judge:  Honorable Eduardo C. Robreno

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2003

Before:  SLOVITER and RENDELL, Circuit Judges,
         and DEBEVOISE, District Judge*

(Filed     February 14, 2003          )

————————

OPINION OF THE COURT

————————

————————

*The Honorable Dickinson R. Debevoise, Senior Judge, United States District Court for
the District of New Jersey, sitting by designation.

RENDELL, Circuit Judge.

Arreguin-Jimenez was charged in a one-count indictment with illegal reentry after deportation by an alien previously convicted of an aggravated felony offense, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). During a bench trial, Arreguin-Jimenez stipulated that he reentered illegally, but challenged whether he was previously convicted of an aggravated felony. The District Court found him guilty of the charges in the indictment and sentenced him to ninety-two months imprisonment, a term at the lowest end of the applicable range of the Sentencing Guidelines. The District Court had jurisdiction over the matter under 18 U.S.C. § 3231. Our jurisdiction arises under 18 U.S.C. §§ 1291 and 3742(a).

On appeal, Arreguin-Jimenez makes two arguments. First, he argues that the Government breached an oral agreement by opposing his request for a reduction of offense level. According to Arreguin-Jimenez, he agreed to stipulate to illegally reentering the country, while reserving the right to contest that he was previously convicted of an aggravated felony, in exchange for the Government's agreement not to challenge his request for a reduction of his offense level based on "acceptance of responsibility" under section 3E1.1 of the Sentencing Guidelines. Second, Arreguin-Jimenez argues that the District Court, in not reducing his offense level under section 3E1.1, impermissibly considered his refusal to concede that he was previously convicted of an aggravated felony.

Inasmuch as we write for the parties, we detail only those facts we find necessary to our analysis. Following his indictment, Arreguin-Jimenez's counsel and the Government engaged in various exchanges regarding a possible agreement. While it seems clear that

2

Arreguin-Jimenez was willing to – and did – stipulate that he illegally reentered the country, the parties contest the details of other parts of any alleged agreement, as well as whether any agreement did, in fact, exist. The wording of the indictment seems to have contributed to the confusion between the parties. The indictment specifically charged that Arreguin-Jimenez had been previously convicted of an aggravated felony. Because a previous conviction of an aggravated felony is a factor that enhances a defendant's sentence under 8 U.S.C. § 1326(b)(2), it is often not considered until the sentencing hearing. Here, it appears that the Government included the fact of a previous conviction as a part of the indictment out of a concern that not doing so might run afoul of the dictates of Apprendi v. New Jersey, 530 U.S. 466 (2000).[1]

Both parties agreed that Arreguin-Jimenez had a prior record arising out of his February 9, 1999 guilty plea to having committed various violations of Pennsylvania law, entered in the Court of Common Pleas of Chester County, Pennsylvania. The sole issue of disagreement between Arreguin-Jimenez and the Government regarding his prior convictions seems to have been whether one of the charges Arreguin-Jimenez was convicted of was for terroristic threats, which apparently was the sole aggravated felony charged and, thus, the only charge that would trigger a sentence enhancement under section 1326(b)(2).

There is no doubt that Arreguin-Jimenez pled guilty to the state terroristic threats

---

[1] On appeal, Arreguin-Jimenez has not raised any challenges to the indictment.

charge. However, during the bench trial before the District Court, Arreguin-Jimenez attempted, to no avail, to convince the Court that the Pennsylvania Court of Common Pleas did not convict him of making terroristic threats because it did not accept his guilty plea to that charge. He contends before us that the Government agreed that he could make that argument and still receive credit for acceptance of responsibility. The Government, on the other hand, alleges that, if any agreement did exist, it agreed to allow him to make the purely legal argument that a conviction for terroristic threats did not constitute a prior aggravated felony within the meaning of 8 U.S.C. §§ 1101(a)(43) and 1326(b)(2).[2]

In any event, the threshold question is whether there was any "agreement." See In Re: Allegheny Int'l, Inc., 954 F.2d 167, 175 (3d Cir. 1992) (calling the principle that "before there can be a breach of contract there must be a contract" a truism (quotation and citation omitted)). In deciding this question, we conduct a plenary review of the record, United States v. Queensborough, 227 F.3d 149, 156 (3d Cir. 2000), and analyze the agreement according to principles of contract law, United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989). As the alleging party, Arreguin-Jimenez bears the burden of showing an agreement. United States v. Huang, 178 F.3d 184, 187 (3d Cir. 1999) (stating that the defendant-appellant bore the burden of showing a breach of a plea agreement).

We are not convinced that any agreement existed. One requirement for a valid

---

[2] We are not convinced, as Arreguin-Jimenez contends, that his argument was a legal one. Whether he was convicted of making terroristic threats required the District Court to make a factual determination, not a legal one.

contract is that there was a "meeting of the minds" – otherwise referred to as mutual assent – among the parties to the contract. Eliscu v. Fiber, 157 F.2d 136, 138 (3d Cir. 1946) (stating that the general law is that there must be a "meeting of the minds . . . in respect to every detail of the proposed contract" to be a valid contract (quotation and citation omitted)). The Government argues that there was no "meeting of minds" as to the terms of the agreement. We agree. Arreguin-Jimenez has not carried his burden of showing an agreement, let alone that the terms of said agreement were as he claims. It is clear that the Government believed that Arreguin-Jimenez reserved the right to raise the legal argument that a conviction of terroristic threats did not constitute a prior "aggravated felony" under section 1326(b)(2), while Arreguin-Jimenez believed that he reserved the right to challenge whether his prior state conviction for terroristic threats occurred in fact. Although at various points in the record the parties expressed a desire to figure out the contours of an agreement, there appears neither an unequivocal acceptance by either party nor an oral contract with sufficiently definite terms. It is apparent that the "minds" of the parties never "met" and no agreement existed. Therefore, the Government's opposition to Arreguin-Jimenez's request for an offense-level reduction did not breach any agreement.

Next, Arreguin-Jimenez argues that the District Court impermissibly considered his refusal to concede that he was convicted of terroristic threats in the Court of Common Pleas as a basis for its rejection of his request for offense-level reduction based on "acceptance of responsibility" under section 3E1.1. The District Court rejected his request largely due to its finding that Arreguin-Jimenez had challenged an element of the offense

5

charged – namely, that he had a prior conviction for an aggravated felony. In reviewing whether the District Court erred in denying Arreguin-Jimenez a reduction of offense level for acceptance of responsibility, we look for clear error, United States v. Muhammad, 146 F.3d 161, 163 (3d Cir. 1998), and keep in mind the admonition to allow the District Court "great deference" because it "is in a unique position to evaluate a defendant's acceptance of responsibility." U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n. 5 (2002).

The Government listed the charge in the indictment to include the fact that Arreguin-Jimenez was previously convicted of an aggravated felony, thus, increasing its burden in proving the prior conviction. The Court treated the fact of prior conviction of an aggravated felony as an element of the crime charged and Arreguin-Jimenez presented a vigorous challenge at the bench trial to the Government's argument that he was previously convicted of terroristic threats. He even moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. And, as discussed above, he did not enter into an agreement with the Government. Under these circumstances, it was reasonable for the District Court to find that Arreguin-Jimenez had contested an element of the crime charged and, therefore, did not accept responsibility for the crime. As the Sentencing Guidelines make clear, the reduction for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n. 2 (2002); see also United States v. Veksler, 62 F.3d 544, 551 (3d Cir. 1995). Moreover, we note that, during his allocution at the sentencing

6

hearing, and after the District Court had found that he had a prior conviction for terroristic threats, Arreguin-Jimenez continued to refuse to admit that he had made the terroristic threats for which he pled guilty.  See  U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n. 1(a) (listing as one consideration in determining whether a defendant accepts responsibility whether he "truthfullly admits the conduct comprising the offenses of conviction").  Given the great deference we must give the District Court in deciding whether to grant a reduction of his offense level for acceptance of responsibility, we believe that the District Court did not commit clear error in refusing to reduce the offense level.

Accordingly, we will affirm the District Court's Order.

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell

Circuit Judge

7