

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2006

# USA v. El Amin

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4989

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. El Amin" (2006). *2006 Decisions*. Paper 316.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/316

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4989
_____

UNITED STATES OF AMERICA

v.

MOHAMMED EL AMIN,

Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00067-1)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2006

Before:  RENDELL, CHAGARES and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: October 18, 2006)
_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Pursuant to a plea agreement, appellant Mohammed El Amin pleaded guilty to

possession of a firearm by a felon, 18 U.S.C. § 922(g).  In the agreement and in open

court prior to sentencing, El Amin acknowledged that he faced at least fifteen years

imprisonment. Nonetheless, he now argues that he should be re-sentenced to a maximum of ten years incarceration because the District Court applied 18 U.S.C. § 924(e), which the plea agreement does not explicitly mention. Because El Amin understood the sentencing range before consenting to the agreement at the plea hearing, we will affirm.

I.

El Amin was arrested and later charged in an indictment with (1) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); (2) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); (4) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and (5) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). On May 25, 2005, the Government filed an information charging El Amin with prior felony convictions under 18 U.S.C. § 924(e). Appendix ("A") 27. On the same day, he entered into a plea agreement with the Government. El Amin agreed to plead guilty to the section 922(g) charge, and in exchange the Government agreed to move for the dismissal of "any remaining counts." A29–30. The plea agreement did not mention the prior felony convictions, but it twice stated that El Amin faced a mandatory minimum sentence of fifteen years. A30–31.

On June 1, 2005, the District Court held a plea hearing. El Amin was instructed that his assent to the agreement amounted to an admission that he "had three prior serious crimes of violence or drug trafficking offenses pursuant to Title 18, Section 924(e)."

2

A45–46.  Later in the proceeding, El Amin asked, "Am I under the right understanding that once I plead guilty to this 922(g)(1), that I don't have to worry about none of them other charges?," and the Court responded in the affirmative.  A58.  The Assistant U.S. Attorney handling the matter explained to El Amin that the dismissal applied to the four counts in the indictment, but that El Amin was "going to be admitting that at the time that [he] possessed this firearm, that [he] had three predicate offenses. . ., which is a 15-year mandatory sentence."  A60.  El Amin said that his attorney told him that his sentencing offense level would be a 34, giving him a sentencing range of about fifteen to twenty years, but El Amin expressed concern that he might be facing life in prison, and indicated that he had not read the plea agreement.  A61, A63.

The Court gave El Amin a 30-minute recess to read the agreement and confer with his attorney.  A64.  El Amin then read the agreement and consented to it.  A64–65.  The Court and counsel told El Amin that he would have an offense level of 34 (minus three levels for acceptance of responsibility) and a criminal history category of VI, giving him an advisory sentencing range of 188 to 235 months.  A68.  El Amin indicated that he understood this range.  Id.  The Court indicated that it could calculate the range differently, and that whatever the advisory range it would have the discretion to impose a sentence of up to life in prison.  A69, A72.  Nonetheless, El Amin affirmed the plea agreement.  A78.

On September 16, 2005, El Amin sought relief from the 15-year minimum.  He admitted that he knowingly agreed to it, but complained that he thought the minimum

3

came from section 922(g) alone rather than section 924(e). A97. He claimed that if he had known he was pleading under both sections he would not have pleaded guilty. A112–114. The Court then gave El Amin the opportunity to request withdrawal from the plea agreement, but El Amin refused and moved for enforcement of the agreement by means of a sentence that disregarded section 924(e). A130. After reviewing the transcript and arguments, and after El Amin obtained another attorney, the Court denied his motion. A129.

At sentencing on October 31, 2005, the Court used the range previously explained to El Amin. A139. Specifically, because El Amin had admitted to having three convictions qualifying him for a minimum 15-year sentence under section 924(e)(1), the Court calculated an offense level of 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A). PSR at 15. After a three-level downward adjustment for acceptance of responsibility, El Amin's total offense level of 31 and his category VI criminal history produced the 188 to 235 month range. Id. The Court considered this advisory range and sentenced El Amin to 220 months. A10.

## II.

We exercise plenary review over the interpretation and enforcement of a plea agreement, United States. v. Gebbie, 294 F.3d 540, 544–45 (3d Cir. 2002) (citing United States v. Moscahlaidis, 868 F.2d 1357, 1360 (3d Cir. 1989)), and principles of contract law guide our analysis. United States v. Hodge, 412 F.3d 479, 485 (3d Cir. 2005). "A contract is ambiguous if it is capable of more than one reasonable interpretation." United

4

States v. Gebbie, 294 F.3d 540, 551 (3d Cir. 2002) (quoting Pacitti v. Macy's, 193 F.3d 766, 773 (3d Cir. 1999)).  When an ambiguity exists, "we must look to extrinsic evidence that may evince the parties' intent."  Id.  Useful indicia of this intent may include the circumstances surrounding the agreement's formation, "general principles of the interpretation of contracts," and "the applicable federal statute and related Sentencing Guidelines."  United States v. Huang, 178 F.3d 184, 188 (3d Cir. 1999) (citation omitted).

El Amin contends that he is entitled to a sentence without a section 924(e) enhancement.  We disagree.  "If a defendant is sentenced to a term of imprisonment within the maximum set out in the plea agreement, it is difficult to see the grounds on which a defendant can rest a complaint; the defendant got what he bargained for."  United States v. Baird, 109 F.3d 856, 869 (3d Cir. 1997).  El Amin's plea agreement unambiguously states that the mandatory minimum sentence for his crime is 15 years.  Even though the agreement does not explicitly mention section 924(e), the circumstances surrounding the agreement's formation confirm that the parties agreed to its application.  See Huang, 178 F.3d at188.  Section 924(e) provides the only possible basis in law for the minimum, and the government filed an information alleging the prior felonies under section 924(e) on the same day the parties entered the agreement.  In addition, the plea hearing resolved any ambiguity about exactly which "counts" were to be dismissed.  The Government specifically informed El Amin that by entering into the agreement he would be conceding the existence of three prior convictions under section 924(e).  The Government also stated that it would move to dismiss the four counts in the initial

5

indictment. The Court and El Amin's attorney further explained the exact sentencing calculation and range that the Court eventually imposed: 188 to 235 months. El Amin received a sentence of 220 months. He got exactly what he bargained for.

El Amin also claims that he mistakenly believed the 15-year minimum came from section 922(g) itself, and he claims that had he known the minimum applied by way of section 924(e), he would have bargained differently and only pleaded guilty to section 922(g) without the 15-year minimum. A mistake of one party to a contract may, in rare cases, cause the contract to be voidable. Restatement (Second) of Contracts § 153 (1981). But "the appropriate relief for mistake takes the form of avoidance of the contract." Id. at ch. 6 intro. Reformation is appropriate only where the mistake is mutual and the contract "fails to express the agreement." Id. § 155.

El Amin's mistake about section 924(e) does not entitle him to enforce his own interpretation of the agreement. Further, even assuming *arguendo* that the doctrine of unilateral mistake applies, that doctrine would not allow for specific performance of a bargain to which the Government never agreed. See id. ch. 6, intro. El Amin's mistake can be used as a shield but not a sword, and he expressly rejected the District Court's invitation to withdraw his guilty plea. A130.[1]

---

[1] El Amin also argues that section 924(e), which is part of the Armed Career Criminal Act, is a separate offense rather than merely a sentencing provision, and therefore that the sentence exceeds the statutory maximum for the only crime to which he pleaded guilty, section 922(g). We have held to the contrary, United States v. Hawkins, 811 F.2d 210, 220 (3d Cir. 1987), and the Supreme Court's sentencing jurisprudence continues to distinguish facts of prior conviction from other facts that enhance a sentence.

III.

Accordingly, we will affirm the judgment of conviction.

United States v. Booker, 543 U.S. 220, 244–45 (2005).  Moreover, the plea agreement encompasses section 924(e) and includes an admission by El Amin of his prior convictions.