OPINION OF THE COURT
PER CURIAM
Corey Wilson appeals from the District Court’s judgment of conviction and sentence. For the reasons that follow, we will affirm.
I.
In February 2006, a federal grand jury returned a one-count indictment charging Wilson with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 10, 2007, Wilson entered into a plea agreement with the Government, agreeing to plead guilty in exchange for a reduction in his offense level pursuant to U.S.S.G. § 3E1.1. The agreement also stated that if the Government, “in its sole discretion,” determined that Wilson had “provided substantial and truthful assistance in an investigation or prosecution,” the Government would move for a downward departure pursuant to U.S.S.G. § 5K1.1. (App. at 18.)
At the change of plea hearing, held the same day the parties executed the plea agreement, Wilson testified that he was satisfied with his counsel’s representation, that the written plea agreement accurately reflected the parties’ bargain, that no one had made any other promises or threatened him to enter the agreement, and that he understood the rights he was foregoing by pleading guilty. Additionally, Wilson did not take issue with any of the underlying facts set forth by the Government. Based on this colloquy, the District Court concluded that his guilty plea was knowing and voluntary.
On June 26, 2008, the District Court held Wilson’s sentencing hearing. During the hearing, Wilson sought to withdraw his guilty plea, claiming that he had been coerced into pleading guilty. The District Court quickly rejected this request, noting that it had already found his plea volun *383 tary and that it had seen “no evidence to the contrary.” (Supp.App. at 23.)
The court then proceeded to calculate Wilson’s sentencing range under the Guidelines, concluding that the applicable range was 51 to 63 months’ imprisonment. The Government declined to move for a downward departure, explaining that although Wilson had tried to assist the Government, the information he had provided was merely “historical.” Nonetheless, the Government did recommend that Wilson be sentenced “somewhere from the low to mid end of the guideline range.” (Id. at 34.) The District Court ultimately did just that, sentencing Wilson to 56 months’ imprisonment, with two years’ supervised release. This timely appeal followed.[1]
II.
Wilson raises four claims in support of his appeal. He first argues that the District Court erred in “summarily” denying his request to withdraw his guilty plea. We review this aspect of the District Court’s judgment for abuse of discretion. See United States v. Brown, 250 F.3d 811, 815 (3d Cir.2001).
Once a district court accepts a criminal defendant’s guilty plea, he does not have an absolute right to withdraw it. See id. Rather, he may withdraw his guilty plea only if he shows, before the court imposes sentence, that there is a “fair and just reason” for doing so. See Fed.R.Crim.P. 11(d)(2). The burden of establishing a “fair and just reason” is substantial. United States v. Jones, 336 F.3d 245, 252 (3d Cir.2003).
Although Wilson claimed at sentencing that his plea had been coerced, a review of the transcript from the change of plea hearing clearly undermines this allegation. During the District Court’s thorough colloquy, Wilson testified that the written agreement reflected the bargain entered into by the parties, and that no one had threatened him into pleading guilty or made any promises to him that were, not contained in the written agreement. These unequivocal statements “carry a strong presumption of verity,” see Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), and he has not made any argument that would undermine this presumption.
Although nearly nine months separated his plea and sentencing hearings, Wilson did not first allege that his plea was coerced until a few days before sentencing, when he submitted a pro se filing claiming, inter alia, that “I was actually coerced into signing this plea, but in a clandestine like manner.” (Supp.App. at 84.) That filing did not expand on this allegation, nor did he formally move to withdraw his guilty plea; rather, he waited until moments before the court imposed sentence to reassert this conelusory allegation. Under these circumstances, the District Court did not abuse its discretion in rejecting Wilson’s oral request to withdraw his guilty plea. Nor did the court’s refusal to postpone sentencing to allow Wilson to file a formal motion to withdraw his plea violate due process.
Wilson next argues that, in rendering his sentence, the District Court failed to meaningfully consider the 18 U.S.C. § 3553(a) factors. Pursuant to § 3553(c), a sentencing court must, at the time of sentencing, “state in open court the reasons for its imposition of the particular sentence.” 18 U.S.C. § 3553(c). This provision does not require “a full opinion in every case.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). As the Supreme Court has explained:
*384 [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission’s own reasoning that the Guidelines sentence is a proper sentence ... in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a) ... or argues for departure, the judge normally need say no' more.
Id. at 356-57,127 S.Ct. 2456.
In this case, neither party challenged the court’s Guidelines calculation or argued for a sentence outside the applicable Guidelines range. In recommending a sentence within the applicable range, the Government addressed the relevant § 3553(a) factors, and Wilson did not take issue with the Government’s proffer. Before rendering sentence, the District Court noted that Wilson had a “fair[ly] substantial” criminal history, and that he had “decided to put [his] energies into one direction, and that’s fighting the system.” (Supp.App. at 29, 37.) In imposing a sentence within the applicable range, the court stated that it had considered all of the § 3553(a) factors, and that the sentence imposed “will protect the public while meeting the additional sentencing goals of punishment and deterrence.” (Id. at 39.) Given the very simple, straightforward nature of this case, we conclude that the court properly considered the § 3553(a) factors.
Wilson also contends that the District Court erred in failing to review, sua sponte, the Government’s decision declining to file a downward departure motion. We disagree. The Government’s decision was reviewable only for “bad faith or an unconstitutional motive.” See United States v. Huang, 178 F.3d 184, 189 (3d Cir.1999). There was no indication, however, nor did Wilson allege, that the Government acted in bad faith or based its decision on an unconstitutional motive. To the contrary, the Government provided a cogent explanation for why it did not file a downward departure motion.
Finally, Wilson argues that his two attorneys in the District Court proceedings were ineffective.[2] We do not reach the merits of these claims, as they are not sufficiently developed to warrant review on direct appeal. See United States v. Morena, 547 F.3d 191, 198 (3d Cir.2008) (stating that ineffectiveness of counsel claims are “generally not cognizable in the first instance on direct appeal,” as such claims are more appropriately reserved for collateral review, which “allows for adequate factual development of the claim[s]”). Wilson remains free to raise these claims in a motion pursuant to 28 U.S.C. § 2255.
In light of the foregoing, we will AFFIRM the Judgment and Commitment Order of the District Court.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

. Wilson's first attorney withdrew after the change of plea hearing due to a conflict of interest. His second attorney represented him at sentencing and withdrew shortly after this appeal was filed. Wilson is now represented by a third attorney.