**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 12-4924

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS ALAN JONES,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:11-cr-00035-GMG-DJJ-1)

———————————

Submitted:  April 8, 2013        Decided:  April 18, 2013

———————————

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Kevin D. Mills, Shawn R. McDermott, MILLS & ASSOCIATES, PLLC, Martinsburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Alan Jones pled guilty to possession of 126.3 pounds (57.4 kilograms) of marijuana with intent to distribute, 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2012), and was sentenced to a term of eighteen months' imprisonment. Jones appeals his sentence, contending that the district court erred by not holding an evidentiary hearing to determine whether the government acted in good faith when it refused to move for a substantial assistance departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2012). The government argues that Jones' appeal should be dismissed pursuant to the waiver provision in his plea agreement. As explained below, the waiver does not bar Jones' appeal; however, we affirm the sentence.

In his plea agreement, Jones waived the right to appeal his sentence if it was within the statutory maximum, and "the manner in which that sentence was determined on any ground whatever." Jones also waived the right to ask the district court for any departure. The plea agreement gave the government the right to seek a departure under USSG § 5K1.1 in its sole discretion, without making any promise that it would file such a motion or incurring any obligation to do so. At the guilty plea hearing, Jones, a forty-four-year-old college graduate, assured the court that he understood these provisions.

A criminal defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is knowing and intelligent and the issue appealed is within the scope of that waiver. United States v. Cohen, 459 F.3d 490, 494 (4th Cir. 2006); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Jones does not contend that his waiver is invalid. Given Jones' age, college background, and the record of the plea colloquy, we conclude that his acceptance of the waiver provision was knowing and intelligent.

However, Jones' claim on appeal is that the government acted in bad faith in refusing to file a § 5K1.1 motion, thereby breaching an implied term of the plea agreement, and that he has made the requisite threshold showing which justifies a hearing on the matter in the district court. A valid waiver of appeal rights does not bar consideration of a claim that the government breached the plea agreement. Cohen, 459 F.3d at 495. Therefore, the waiver does not prevent us from reaching the merits of Jones' appeal.

As the party alleging a breach of the plea agreement, Jones has the burden of showing by a preponderance of the evidence that a breach occurred. United States v. Snow, 284

3

F.3d 187, 189 (4th Cir. 2000). When a plea agreement does not obligate the government to make a § 5K1.1 motion if the defendant provides substantial assistance, the government's decision not to make a motion may be reviewed only for bad faith or unconstitutional motive. Id. at 190 (citing United States v. Huang, 178 F.3d 184, 188-89 (3d Cir. 1999)). See also Wade v. United States, 504 U.S. 181, 185-86 (1992) (prosecutor's discretion subject to constitutional limits). A good faith decision is one that is "based on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance." Huang, 178 F.3d at 189. A showing that the defendant provided substantial assistance is necessary, but not sufficient, to entitle the defendant to relief. Wade, 504 U.S. at 186-87. The defendant must show that the government's decision not to move for a departure was not rationally related to a legitimate government end, to include "the cost and benefit that would flow from moving." Id. at 187.

In the district court, Jones did not claim that the government acted in bad faith, but requested a hearing in order to obtain further information about the government's decision-making process, which defense counsel believed would produce evidence of bad faith. On appeal, Jones maintains that he can make the required showing; however, he presents only speculation that the prosecutor was not able or willing to assess properly

4

the effect of Jones' cooperation on the prosecution of other defendants.  In his view, the government decided not to move for a departure without having enough information to properly evaluate the effect of his cooperation on other prosecutions. We conclude that Jones has not met his burden.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED