**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4770**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RAISHAWN MAURICE SMITH, a/k/a Ray Shawn Smith, a/k/a Rai Shawn Smith, a/k/a RaiShawn Smith,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:11-cr-00694-RWT-1)

Submitted: May 30, 2013            Decided: June 4, 2013

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A. D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Kristi N. O'Malley, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raishawn Maurice Smith pled guilty pursuant to a plea agreement to one count each of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (2006); possession of a firearm in furtherance of drug trafficking offenses, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2012); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to ninety-seven months in prison. Smith appeals the district court's judgment, asserting only that the Government acted in bad faith by failing to vouch for him at sentencing and by not providing him an opportunity to provide substantial assistance before his sentencing. We find no error and affirm the district court's judgment.

Because Smith did not raise this argument in the district court, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732–37 (1993). To establish plain error, Smith must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even if Smith makes this showing, we will exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

When a plea agreement does not obligate the government to make a motion if the defendant provides substantial assistance, the government's decision not to make a motion may be reviewed only for bad faith or unconstitutional motive. See United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). (citing United States v. Huang, 178 F.3d 184, 188-89 (3d Cir. 1999)); see also Wade v. United States, 504 U.S. 181, 185-86 (1992) (holding that prosecutor's discretion is subject to constitutional limits). A good faith decision is one that is "based on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance." Huang, 178 F.3d at 189. A showing that the defendant provided substantial assistance is necessary, but not sufficient, to entitle the defendant to relief. Wade, 504 U.S. at 186-87. Rather, the defendant must show that the government's decision not to make a substantial assistance motion was not rationally related to a legitimate government end, to include "the cost and benefit that would flow from moving." Id. at 187.

Here, the Government did not obligate itself in the plea agreement to make a substantial assistance motion. Rather, the plea agreement provided, in pertinent part, that the Government would make such a motion if Smith cooperated and the Government deemed his cooperation to be substantial assistance. Thus, the Government's discretionary decision not to make a

3

substantial assistance motion is not reviewable if there is no evidence that the decision was based on an unconstitutional motive or bad faith.

Although Smith asks this court for a remand and an evidentiary hearing so he can be assured that the reasons for denying him a substantial assistance motion were not based on bad faith or unconstitutional motive, he presents only speculation that the Government did not provide him with sufficient opportunity to cooperate. The Supreme Court imposes upon a defendant the burden to do more than merely allege unconstitutional motive or bad faith in order to require judicial inquiry, however. Wade, 504 U.S. at 186. Notably, a defendant must make "a substantial threshold showing[,]" failing which he is "not entitle[d] [] to a remedy or even to discovery or an evidentiary hearing." Id. Because Smith's speculation of bad faith on the part of the Government is insufficient to trigger further judicial inquiry, we find no error in the district court's failure to conduct an evidentiary hearing into the Government's refusal to make a substantial assistance motion.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED