United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40291
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT LOUIS KELLY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:97-CR-276
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Everett Louis Kelly appeals the sentence imposed following
the revocation of the supervised release imposed following his
convictions for two counts of forging an endorsement on a
Treasury check and one count of delivering Treasury checks
knowing that they contained forged endorsements.  Kelly argues
that the sentence imposed was unreasonable despite being within
the properly calculated advisory guidelines range because the
district court did not properly take into account the mitigating
evidence he presented.  The Government asserts that this court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not have jurisdiction to consider Kelly's argument because his argument is the equivalent of arguing that the district court refused to grant a downward departure.

Even following <u>United States v. Booker</u>, 543 U.S. 220 (2005), we lack jurisdiction to review a district court's denial of a request for a downward departure from the guidelines sentence range unless the district court erroneously believes that it did not have the authority to make a departure. <u>United States v. Hernandez</u>, 457 F.3d 416, 424 & n.5 (5th Cir. 2006). Kelly, however, argues that sentence imposed was unreasonable, not that the district court abused its discretion by not making a downward departure. We do have jurisdiction to review a sentence for reasonableness whether or not the sentence is within the guidelines range. <u>See</u> <u>Booker</u>, 543 U.S. at 260; <u>United States v. Kane</u>, 452 F.3d 140, 144 (2d Cir. 2006); <u>United States v. Chavez-Diaz</u>, 444 F.3d 1223, 1228-29 (10th Cir. 2006).

Since <u>United States v. Booker</u>, 543 U.S. 220 (2005), we have yet to determine whether sentences imposed following the revocation of supervised release should be reviewed under the plainly unreasonable standard previously applicable or the unreasonableness standard set forth in <u>Booker</u>, and we need not do so in this case because the sentence imposed passes muster under either standard. <u>See</u> <u>United States v. Hinson</u>, 429 F.3d 114, 119-20 (5th Cir. 2005). While the district court could have explained the rationale for the sentence imposed more clearly, it

did indicate that it imposed the sentence it did to suit the best interests of the public.  Furthermore, as the district court sentenced Kelly within the advisory guidelines range, it is inferred that it considered all the factors set forth in the Guidelines.  See United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006).  The sentence imposed by the district court was neither unreasonable nor plainly unreasonable.  See Hinson, 429 F.3d at 120.

AFFIRMED.