**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4080**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RICHARD EUGENE BOWLING POWELL,

                Defendant - Appellant.

**No. 09-4103**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TRACEY SCOTT RICH,

                Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:08-cr-00057-RBH-1; 4:08-cr-00057-RBH-2)

Submitted: October 8, 2009      Decided: October 23, 2009

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina; Beattie Balentine Ashmore, Greenville, South Carolina, for Appellants.   Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to plea agreements, Richard Eugene Bowling Powell and Tracey Scott Rich pled guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2 (2006), and one count of using, carrying, and possessing firearms during, in relation to, and in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2 (2006). The plea agreements included stipulated sentences of twenty-five years for Powell and fifteen years for Rich, in accordance with Fed. R. Crim. P. 11(c)(1)(C), in exchange for the Government dismissing the remaining counts in the indictment. The district court accepted the plea agreements and, therefore, was bound to sentence Powell to 300 months and Rich to 180 months, which it did.

On appeal, counsel have filed a joint brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that, in their view, there are no meritorious issues for appeal. Counsel question, however, whether the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting the guilty pleas and whether the sentences are reasonable. Powell and Rich were advised of their right to file a pro se supplemental brief, but they have not filed a brief. The Government declined to file a brief.

Because neither Powell nor Rich moved in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error.[*] United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, appellants "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks and citations omitted).

Counsel have not identified any error in the Rule 11 hearings, and our review of the record reveals none. The district court ensured that appellants' guilty pleas were knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm Powell's and Rich's convictions.

Next, Powell and Rich challenge the reasonableness of their sentences. We conclude, however, that we do not have jurisdiction over this portion of the appeals. The federal

---

[*] Powell filed a pro se motion to withdraw his plea, but withdrew the motion before sentencing.

4

statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]" United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997).

Here, appellants' sentences were not imposed in violation of law. Powell's 216-month sentence and Rich's ninety-six-month sentence on the robbery count were well within the 240-month statutory maximum. See 18 U.S.C. § 1951(a) (2006). The eighty-four-month consecutive sentences on the firearm count were mandated by statute, and were within the maximum sentence of life imprisonment. See United States v. Cristobal, 293 F.3d 134, 146-47 (4th Cir. 2002). Nor are the sentences a result of an incorrect application of the guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (stating that "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines"); Littlefield, 105 F.3d at 528. Because

§ 3742(c) bars review of sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions applies, we dismiss the appeals of the sentences.

In accordance with <u>Anders</u>, we have reviewed the entire records in these cases and have found no meritorious issues for appeal. We therefore affirm the convictions and dismiss the appeals of the sentences. This court requires that counsel inform their clients, in writing, of the right to petition the Supreme Court of the United States for further review. If a client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>