NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2010
Decided February 23, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 08-3889

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 526-1 |
| KENNETH ALLEN, | |
| *Defendant-Appellant.* | James B. Zagel, *Judge.* |

**O R D E R**

Kenneth Allen entered into an agreement to plead guilty to one count of conspiring to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), and one count of possessing heroin with intent to distribute, *id*. § 841(a)(1). The parties agreed that Allen would be sentenced to a term of imprisonment calculated at 67 percent of the low end of either the applicable guidelines range or the statutory minimum sentence, whichever is greater. *See* FED. R. CRIM. P. 11(c)(1)(C). The district court accepted the plea agreement and sentenced Allen to a total of 60 months' imprisonment—four months less than the agreed-upon calculation. Allen appealed. His appointed counsel now seek to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), because they have concluded that the appeal is frivolous. We invited Allen to comment on counsel's submission, *see* CIR. R. 51(b), but he did not respond. Our review, though, is limited to the potential issues identified in counsel's brief, *United States v. Cano-*

*Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), provided the brief appears to be thorough and professional; and it does.

We lack jurisdiction under 18 U.S.C. § 3742(c)(1) to review Allen's sentence. When a defendant agrees to a specific Rule 11(c)(1)(C) sentence, Congress has limited our jurisdiction to review the sentence to four grounds: that his guilty plea was involuntary, that the sentence imposed is greater than what he bargained for, that the guidelines range was improperly calculated, or that his sentence was imposed in violation of the law. *See* 18 U.S.C. § 3742(a)(1), (c)(1); *United States v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 363-64 (7th Cir. 2005); *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir. 1996). None is present. Counsel informs us that Allen does not want his guilty pleas set aside, and we know that his 60-month sentence, which was based on a proper calculation of the guidelines range, is four months less than what he bargained for, and does not exceed the statutory maximum of 40 years. *See* 21 U.S.C. § 841(b)(1)(B).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.