**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4241**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

BERNARD BOSTIC,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-00060-TLW-1)

Submitted:  June 2, 2010              Decided:  June 17, 2010

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston,
South Carolina, for Appellant.  Rose Mary Sheppard Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2008, Bernard Bostic was charged with numerous offenses, including acts of robbery, in violation of Title 18 U.S.C. §§ 1951(a) and 2; use and possession of firearms during and in relation to crimes of violence, in violation of Title 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(C) and 2; and possession of firearms and ammunition by a convicted felon, in violation of Title 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Bostic entered into a plea agreement in which he agreed to plead guilty to Count I of the indictment (robbery of a Spring Mart gas station in Darlington, South Carolina) and Count V of the indictment (carrying or possessing a firearm during and in relation to a robbery of an Exxon gas station in Timmonsville, South Carolina). The plea agreement contained a stipulated sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), of twenty-five years' imprisonment; Bostic and the Government reserved the right to withdraw from the agreement if the district court did not sentence Bostic to said term.

At his rearraignment in September 2008, Bostic entered a guilty plea, pursuant to the terms of his plea agreement, which the district court accepted. The presentence report set the advisory guideline range for the two counts to which Bostic had pleaded guilty at 121-151 months' imprisonment, plus a consecutive term of seven years. Neither party objected to the

2

presence report.  Pursuant to the terms of Bostic's plea bargain, the district court sentenced him to twenty-five years' imprisonment.  Bostic filed a pro se notice of appeal.

Bostic's counsel has filed a brief with this court concluding pursuant to <u>Anders v. California</u>, 386318 U.S. 738 (1967), that there are no meritorious issues for appeal. Counsel questions, however, whether the district court committed plain error in accepting Bostic's guilty plea and whether this court may review the reasonableness of Bostic's sentence.  The Government has given notice that it will not file a brief, and that it has adopted counsel's <u>Anders</u> brief as its own.  Bostic has filed a letter, which we construe as a pro se supplemental brief.

Bostic first challenges whether his guilty plea was properly conducted.  Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b).  "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the

mandated colloquy with the defendant." <u>United States v. DeFusco</u>, 949 F.2d 114, 116 (4th Cir. 1991).

Because Bostic did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Bostic must show that an error occurred, that the error was plain, and that the error affected his substantial rights. <u>United States v. Muhammad</u>, 478 F.3d 247, 249 (4th Cir. 2007) (citation omitted). Even if Bostic satisfies these requirements, the court retains discretion to correct the error, which it should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. <u>Id.</u> (internal quotation marks and citation omitted).

In the guilty plea context, a defendant must show that he would not have pled guilty but for the district court's Rule 11 omissions. <u>Martinez</u>, 277 F.3d at 532. The district court here substantially complied with the requirements of Rule 11 and Bostic does not suggest that he would not have pled guilty had the district court's Rule 11 colloquy been more exacting. Accordingly, Bostic has failed to show that the district court's minor Rule 11 omissions amounted to plain error.

Next, we conclude that we lack jurisdiction to review Bostic's sentence because it was less than the applicable

4

statutory maximum, and because he received the precise sentence he had bargained for with the Government. See United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) ("[a] defendant receiving a sentence under a Rule 11(e)(1)(C) plea agreement may appeal only when his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]")(internal citation omitted); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997); United States v. Powell, 347 Fed. App'x 963, 964-65 (4th Cir. 2009) (unpublished); see also United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines").

Bostic's pro se claims are also meritless. In his two-page letter to the court, Bostic takes issue with the proceedings below in several ways; however, we find that none the issues he raises have any bearing on the integrity of his guilty plea, or provide this court with a jurisdictional basis to review his sentence.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm the district court's judgment. Counsel is directed to inform Bostic, in writing, of his right to petition the Supreme Court of the United States for further review. If Bostic

5

requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bostic. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED