**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0237n.06

No. 10-4276

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
*Feb 29, 2012*
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE  NORTHERN |
| | ) | DISTRICT OF OHIO |
| ELOY PECINA PEREZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; NORRIS and STRANCH, Circuit Judges.

PER CURIAM.  Eloy Pecina Perez pleaded guilty to four counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), in a plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C).  In accordance with that agreement, the district court sentenced Perez to 25 years in prison.  On appeal, Perez argues that the plea agreement was ambiguous and that the district court should have imposed a lower sentence.  We affirm.

In the plea agreement, the parties agreed that Perez's base offense level should be 36 and that he should receive a reduction for acceptance of responsibility, resulting in a total offense level of 33. The parties further agreed, however, "that a sentence including a term of imprisonment of 25 years is the appropriate disposition of this case," regardless of the total offense level calculated by the probation office.  The plea agreement provided that "the defendant understands and agrees that the Plea Agreement in this case binds the Court in sentencing" and that "[t]he defendant and the government intend that . . . the Court be bound by the stipulations herein."

At the plea hearing, the prosecutor recited the terms of the plea agreement, including the binding stipulation to a 25-year sentence. The prosecutor informed the court that, as part of the plea negotiations, the government agreed not to seek a second enhancement based on Perez's prior felony drug offenses, which would have subjected him to a mandatory life sentence. The district court accepted the plea agreement and informed Perez that it would sentence him pursuant to its terms, as required by Rule 11(c)(1)(C).

The presentence report calculated Perez's base offense level as 36 but did not award a three-level reduction for acceptance of responsibility. Based on a total offense level of 36 and a criminal history category of IV, Perez's guideline range of imprisonment was 262 to 327 months. Perez objected to the denial of a reduction for acceptance of responsibility. The district court sustained the objection and granted the reduction, which lowered Perez's total offense level to 33 and his guideline range to 188 to 235 months. Because of the mandatory statutory minimum, however, Perez's guideline range became 240 months.

Perez argued that the district court should impose a sentence of 20 years, the statutory minimum, rather than the 25-year sentence provided for by the plea agreement. Perez pointed to the plea agreement's appellate waiver provision, in which he reserved the right to appeal any sentence exceeding the greater of the guideline range or the statutory mandatory minimum, and argued that the lower sentence would "obviate any necessity for an appeal." Perez further argued that a 20-year sentence was appropriate because his offense was non-violent. The district court imposed a sentence of 25 years, stating that the parties and the court "agreed to be bound to a 25-year term." The district court further stated that a 25-year sentence was appropriate in light of the offense conduct and Perez's history and characteristics.

Perez now argues that his sentence is procedurally and substantively unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors and did not explain why an upward departure from the sentencing guidelines was warranted. Although Perez acknowledges that the parties agreed to a 25-year sentence, he argues that the government must not have intended for the 25-year sentence to bind the parties or the district court because the plea agreement allowed him to appeal a sentence exceeding 20 years.

When a district court accepts a Rule 11(c)(1)(C) plea agreement, "it is bound by the bargain." *United States v. Hodge*, 306 F. App'x 910, 914 (6th Cir. 2009); *see United States v. Conway*, 513 F.3d 640, 645-46 (6th Cir. 2008). Perez does not dispute this general proposition, but argues that it does not apply here "because of the contradictory nature of the plea agreement." We disagree.

Because plea agreements are contractual in nature, we use general contract law principles in interpreting and enforcing them, while construing any ambiguities against the government. *United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007). Perez's claim that he was confused by the terms of the plea agreement is belied by the record. The plea agreement clearly and repeatedly states that the parties agreed that Perez should be sentenced to 25 years of imprisonment and that, pursuant to Rule 11(c)(1)(C), that agreement was binding on the parties and the district court. The transcript of the plea hearing further reflects the parties' mutual understanding that the plea agreement was binding and that, by accepting the plea agreement, the district court was obligated to impose a 25-year sentence. The fact that Perez did not waive his right to appeal the agreed-upon sentence does not vitiate that agreement. Because the language of the plea agreement is clear, the rule that ambiguity in a plea agreement must be construed against the government is not triggered. *See Moncivais*, 492 F.3d at 663.

Having accepted Perez's guilty plea, the district court was bound to impose the stipulated sentence. *See* Fed. R. Crim. P. 11(c)(1)(C); *Hodge*, 306 F. App'x at 914-15. By agreeing to a specific sentence in a Rule 11(c)(1)(C) plea agreement, Perez waived his right to have the district court sentence him pursuant to the advisory guideline range and the § 3553(a) factors. *See United States v. Magouirk*, 468 F.3d 943, 951 (6th Cir. 2006). Accordingly, we have no basis on which to conclude that the district court acted unreasonably.

The district court's judgment is affirmed.