**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-1654 & 13-1655
_____

UNITED STATES OF AMERICA

v.

JEFFREY J. OLSON,
                            Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Nos. 3-02-cr-00206-001 & 3-11-cr-00055-001)
District Judge: James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2013
_____

Before: HARDIMAN, SHWARTZ, and SCIRICA, Circuit Judges.

(Filed: November 18, 2013)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Jeffrey Olson was sentenced to prison after pleading guilty to a charge of wire

fraud. Because his commission of that offense constituted a violation of the supervised

release conditions imposed upon him as a result of separate mail fraud and tax evasion convictions, the District Court sentenced him to an additional term of imprisonment to run consecutively to the sentence for the underlying wire fraud offense. Olson now appeals from the District Court's judgments of conviction (Appeal No. 13-1654) and revocation (Appeal No. 13-1655). His counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw and affirm the judgments of conviction and revocation.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. While serving his 87-month prison term for the mail fraud and tax evasion charges, and during the three-year term of supervised release, Olson solicited investments totaling $2.8 million from an online paramour and other individuals, which investments Olson instead used for his personal benefit.

A grand jury returned a one-count indictment against Olson, charging him with wire fraud in violation of 18 U.S.C. § 1343, and the United States Probation Office filed a petition to revoke Olson's supervised release.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Olson entered a guilty plea to a superseding information charging him with wire fraud. In relevant part, the plea agreement: (1) provided for a three-level reduction under the advisory Sentencing Guidelines if Olson demonstrated acceptance of responsibility; (2) stipulated

2

to a loss amount of greater than $2.5 million; (3) agreed to a sentence between 48 and 51 months' imprisonment; (4) stated that "should the defendant provide substantial assistance to the government after sentencing, the United States will consider filing a motion to depart from the recommended sentencing range pursuant to Rule 35"; and (5) stated that it was the "complete and only Plea Agreement between the United States . . . and the defendant . . . and . . . supersedes all prior understandings, if any, oral or written, and cannot be modified other than in writing that is signed by all the parties or on record in Court" and also that "[n]o other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea." Supp. App. 1-15. The plea agreement contains no mention of Olson's supervised release violation.

The District Court accepted Olson's guilty plea on the date of his sentencing. Olson then waived a hearing concerning the supervised release violation and admitted to violating his supervised release conditions by committing another crime. The District Court imposed a sentence of 51 months' imprisonment on the wire fraud conviction and 14 months' imprisonment on the supervised release violation, to be served consecutively.

Olson now appeals, and his counsel has filed a motion to withdraw accompanied by a brief pursuant to Anders. Olson has filed a pro se informal brief and supplemental brief in further support of his appeal. Olson's principal argument is an allegation that the

3

government promised that his prison terms on the wire fraud conviction and supervised

release violation would be served concurrently.

II.[1]

When counsel submits an <u>Anders</u> brief, the Court must determine: "(1) whether

counsel adequately fulfilled the rule's requirements; and (2) whether an independent

review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d

296, 300 (3d Cir. 2001). Where an <u>Anders</u> brief initially appears to be adequate on its

face, the appellate court is guided in reviewing the record by the <u>Anders</u> brief itself. A

complete "scouring of the record" is unnecessary. <u>Id.</u> at 300-01.

A.     Sufficiency of the <u>Anders</u> Brief

Turning first to whether counsel has fulfilled the rule's requirements, the Court

examines the brief to determine if it: (1) shows that counsel has thoroughly examined the

record in search of appealable issues, <u>id.</u> at 300; (2) identifies any issues arguably

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. The government suggests that we lack jurisdiction to review the reasonableness of Olson's wire fraud sentence. <u>See</u> Appellee Br. 14 ("Section 3742(c) of Title 18 provides that in cases where the defendant agrees to a specific sentence under Rule 11(c)(1)(C), a defendant may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in such agreement.") Section 3742(c) precludes appeals of sentences imposed pursuant to Rule 11(c)(1)(C) that are brought based on paragraphs (3) and (4) of Section 3742(a). The same cannot be said of an appeal brought under § 3742(a)(1). Section 3742(a)(1) allows appeals of sentences "imposed in violation of law." Post-<u>Booker</u>, "an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1)." <u>United States v. Cooper</u>, 437 F.3d 324, 327 (3d Cir. 2006), <u>abrogated on other grounds by</u> <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007). We therefore have jurisdiction to review the reasonableness of Olson's wire fraud sentence under 18 U.S.C. § 3742(a)(1).

supporting the appeal even though the appeal was wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) explains why the issues are frivolous, United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). All three elements are satisfied here. First, counsel's brief demonstrates a thorough examination of the record, from jurisdiction to sentencing. Second, the brief identifies and appraises potential issues on appeal concerning the District Court's jurisdiction, the voluntariness of Olson's guilty plea, the sufficiency of the evidence regarding the supervised release violation, and the reasonableness of the sentence. Third, as discussed further below, counsel's brief accurately and eloquently explains why these issues are frivolous in light of the governing law.

For these reasons, counsel's brief is sufficient, and we therefore proceed in our review of the issues based on the content of the Anders brief itself.

B.    No Non-Frivolous Issues

First, the District Court had jurisdiction over both the wire fraud offense and the supervised release violation.[2] The District Court has jurisdiction over all federal offenses, including violations of the wire fraud statute, 18 U.S.C. § 1343, pursuant to 18 U.S.C. § 3231. The superseding information in Olson's case alleged the use of modalities of interstate communication as part of the wire fraud scheme, satisfying the jurisdictional component of Section 1343. As to the supervised release violation, the

---

[2] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

District Court had the authority to modify, extend, terminate or revoke Olson's supervised release under 18 U.S.C. § 3583(e)(3).

Second, Olson's guilty plea to the wire fraud charge was entered knowingly and voluntarily.[3] During the change of plea hearing, the District Court: (1) confirmed that Olson wished to waive his right to grand jury indictment; (2) discussed the right to counsel; (3) confirmed with Olson that his entry of a guilty plea was voluntary; (4) placed Olson under oath and warned him that he could be subject to prosecution if he was not truthful; (5) inquired of Olson to verify his competence; (6) reviewed Olson's constitutional rights; (7) informed Olson of the penalties he faced; (8) confirmed that Olson had read and understood the plea agreement; and (9) confirmed that there was a factual basis for the entry of a guilty plea to the superseding information. Thus, the District Court fully ensured that Olson entered his guilty plea knowingly and voluntarily in compliance with Federal Rule of Criminal Procedure 11(b).

Olson's allegation that he was promised that his wire fraud and supervised release violation sentences would be served concurrently may be construed as an attack on the knowing and voluntary nature of his plea. See United States v. Huang, 178 F.3d 184, 187 (3d Cir. 1999) ("The Government must adhere to the terms of a plea agreement because it is well established that the agreement itself is part of the inducement for the defendant to

_____

[3] Because Olson did not challenge the knowing and voluntary nature of his plea in the District Court, we review for plain error. United States v. Boone, 279 F.3d 163, 174 n.6 (3d Cir. 2002).

enter a guilty plea."). Nothing in the record supports Olson's bare assertion that he was promised a concurrent sentence on his supervised release violation in exchange for his guilty plea. The plea agreement contains no promises as to a concurrent supervised release sentence and if there had been any prior oral understandings, the written agreement would have superseded them. During his change of plea hearing, Olson testified under oath that he had read and understood both the plea agreement and the accompanying statement of defendant, each of which clearly states that no promises other than those set forth in the written plea agreement had been made. Because the imposition of a consecutive sentence was not "inconsistent with what was reasonably understood by the defendant when entering the plea of guilty," the plea agreement was not breached. United States v. Nolan-Cooper, 155 F.3d 221, 236 (3d Cir. 1998) (internal quotation marks omitted).

Moreover, the imposition of consecutive sentences is consistent with the Sentencing Guidelines Policy Statement concerning revocation of supervised release, which provides that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). For these reasons, the consecutive sentence was in accordance with the advisory Guidelines and Olson's bare allegation that he was promised otherwise is belied by the record and hence

7

is insufficient to sustain his burden of establishing a breach of the plea agreement by a preponderance of the evidence. See Huang, 178 F.3d at 187.

Third, the record was sufficient to conclude by a preponderance of the evidence that Olson violated the terms of his supervised release.[4] Olson admitted to a Grade B violation, and even in the absence of this admission, the record of his guilty plea on the wire fraud charge would have been sufficient to prove that he had committed a felony while on supervised release. See United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004); see also United States v. Gordon, 961 F.2d 426, 429 (3d Cir. 1992) ("[A] court can revoke probation when it is reasonably satisfied that the probation conditions have been violated, without the government being required to present proof beyond a reasonable doubt that the defendant committed the alleged acts.").

Fourth, Olson's sentences on the wire fraud charge and supervised release violation were legal and reasonable.[5] The sentences did not exceed the applicable statutory maximums. See 18 U.S.C. §§ 1343, 3583(e)(3). Because Olson entered a plea agreement under Rule 11(c)(1)(C), the District Court deferred acceptance of the guilty plea until it had received and reviewed the Presentence Investigation Report and Dispositional Report. After having reviewed these reports and the Guidelines ranges

---

[4] Because Olson did not challenge the sufficiency of the evidence of his supervised release violation, we review for plain error. United States v. Dillon, 725 F.3d 362, 365 (3d Cir. 2013).

[5] Because Olson did not raise any objection at sentencing, we review for plain error. United States v. Turlington, 696 F.3d 425, 427 (3d Cir. 2012).

calculated therein, to which Olson did not object, the District Court exercised its discretion and determined that the agreed-upon sentence range on the wire fraud charge was appropriate, and in fact "very lenient," in light of the nature and circumstances of Olson's offense, his criminal history, his medical condition, his cooperation, the purposes of sentencing, and the sentencing options available. App. 96-101. The District Court therefore sentenced Olson at the top of the agreed-upon range, to 51 months' imprisonment. Having just discussed all of the relevant sentencing factors under 18 U.S.C. § 3553(a), the District Court then noted as to the supervised release violation that "the record speaks for itself," App. 105, and "in view of the considerations expressed," App. 106, sentenced Olson to 14 months' imprisonment to be served consecutively with his wire fraud sentence.

Fifth, contrary to Olson's assertion, the District Court awarded him a two-point reduction for accepting responsibility. This reduction, however, did not have any impact on his final sentence because his Rule 11(c)(1)(C) agreement had stipulated to a range below the Guidelines range.

Sixth, the Government need not, as Olson alleges, file a motion under Federal Rule of Criminal Procedure 35 because Olson has cooperated with its ongoing investigation. Absent an unconstitutional motive, see Wade v. United States, 504 U.S. 181, 185-86 (1992), the Government has "ample discretion" when deciding whether to file a Rule 35 motion. United States v. Mulero-Algarin, 535 F.3d 34, 38-39 (1st Cir.

9

2008). Because there is no record evidence of an unconstitutional motive, this argument is not a meritorious ground for appeal.

In sum, the District Court imposed sentences below the advisory Guidelines range on the wire fraud charge and within the advisory Guidelines range on the supervised release violation that were "premised upon appropriate and judicious consideration of the relevant factors." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006). Thus, Olson cannot show that either sentence was illegal or unreasonable.

III.

For the foregoing reasons, we will affirm the judgments of conviction and revocation, and grant counsel's motion to withdraw.