# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2023

Lyle W. Cayce
Clerk

No. 22-20158

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Rolando Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-564-7

Before Barksdale, Southwick, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

On March 14, 2022, Jose Rolando Gonzalez pleaded guilty to conspiracy to participate in racketeering activity. In the plea agreement, Gonzalez and the government agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence of 360 months' imprisonment was appropriate. Relevant here, when a defendant and the government enter a Rule 11(c)(1)(C) plea, they "agree that a specific sentence is the appropriate disposition of the case," and "such a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). However, Gonzalez also filed a sentencing memorandum

No. 22-20158

arguing that the district court should depart or vary downwards by 60-months from the agreed-upon 360-month sentence to account for five years that Gonzalez was detained in administrative segregation prior to his plea.

At Gonzalez's rearraignment, the district court accepted Gonzalez's plea, which bound the district court under Rule 11(c)(1)(C) to sentence Gonzalez to the agreed-upon sentence. *See* FED. R. CRIM. P. 11(c)(1)(C). The district court sentenced Gonzalez at the same hearing to the 360-month term of imprisonment specified in the plea agreement. Before doing so, the district court denied Gonzalez's request for the 60-months downward variance. In denying the variance, the district court noted that Gonzalez was involved in the attempted murder of Rosa Gonzalez and the murder of Juan Gonzalez Gomez.

On appeal, Gonzalez argues that his 360-month sentence is unreasonable because the district court failed to properly "account for the five years of solitary confinement" that Gonzalez endured before his rearraignment. For the reasons stated below, we AFFIRM Gonzalez's sentence.

I.

To begin, the government argues that we lack jurisdiction over Gonzalez's appeal. We disagree.

Our jurisdiction over this appeal derives from 28 U.S.C. § 1291 and is limited by 18 U.S.C. § 3742(a).[1] *See United States v. Story*, 439 F.3d 226, 230-

---

[1] Our cases have consistently treated § 3742(a) broadly as jurisdictional instead of as a mandatory claims-processing rule, *see, e.g.*, *United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022); *United States v. Pittman*, 915 F.3d 1005, 1007-08 (5th Cir. 2019); *United States v. Hawkins*, 866 F.3d 344, 346 (5th Cir. 2017); *United States v. McMahan*, 872 F.3d 717, 718 (5th Cir. 2017); *United States v. Lightfoot*, 724 F.3d 593, 595 (5th Cir. 2013); *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *United States v. Kuban*, 94 F.3d

No. 22-20158

31 (5th Cir. 2006). Under § 1291, we "have jurisdiction of appeals from all final decisions of the district courts," including sentences imposed as judgments in criminal cases. Section 3742(a) in turn lists four circumstances in which "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence." 18 U.S.C. § 3742(a). A defendant may file a notice of appeal if the defendant's sentence:

> (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

*Id.* § 3742(a)(1)-(4).

---

971, 975 n.7 (5th Cir. 1996); *United States v. Davis*, 868 F.2d 1390, 1390 (5th Cir. 1989). We are bound to follow this line of cases by the rule of orderliness. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). That being said, Congress must "clearly state[] that a prescription counts as jurisdictional" before we treat it as such, *Ft. Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850 (2019) (cleaned up), and § 3742 does not clearly state that its restrictions on appellate review of sentences are jurisdictional, *see* 18 U.S.C. § 3742. In light of this clear statement rule, the Sixth Circuit recently reconsidered its caselaw holding that § 3742 was jurisdictional. *United States v. Marshall*, 954 F.3d 823, 825 (6th Cir. 2020) (cleaned up). The Sixth Circuit explained that § 3742(a) "imposes a mandatory limit on [the court's] power, not a subject-matter jurisdiction limit on [its] power." *Id.* at 827. As today's appeal shows, "[i]f we lightly treat federal statutes as placing limits on our subject-matter jurisdiction, we end up creating all kinds of needless complications for processing civil and criminal cases." *Id.* at 826. Therefore, in an appropriate case, our en banc court should follow the Sixth Circuit and revisit our precedents that treat § 3742(a) as jurisdictional.

Section 3742(c) further limits our review of appeals from certain sentences imposed after a defendant enters a Rule 11(c)(1)(C) agreement. "In the case of a plea agreement that includes a specific sentence under [Rule 11(c)(1)(C)]," "a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement."[2] 18 U.S.C. § 3742(c)(1). In other words, where a Rule 11(c)(1)(C) agreement includes a specific sentence, we cannot review a sentence "greater than the sentence specified in the applicable guideline range" or that "was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable," *id.* § 3742(a)(3)-(4), unless the district court imposes a sentence greater than the sentence specified in the agreement. But § 3742(c) does not affect our review of a sentence "imposed in violation of law" or "imposed as a result of an incorrect application of the sentencing guidelines." *Id.* § 3742(a)(1)-(2). Regardless of whether the district court's sentence exceeds the Rule 11(c)(1)(C) agreement, we will review those types of sentences.

Under § 3742(a)(1), we will review challenges to an unreasonable sentence because an unreasonable sentence is "imposed in violation of law." The federal sentencing statute, 18 U.S.C. § 3553, requires a court to "impose a sentence sufficient, but not greater than necessary," *id.* § 3553(a), and requires the court to consider seven factors "in determining the particular sentence to be imposed," *id.* § 3553(a)(1)-(7). Before the Supreme Court's decision in *United States v. Booker*, § 3553 also "require[d] sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justif[ied] a departure)," and § 3742 provided for "*de*

---

[2] Section 3742 refers to Rule 11(e)(1)(C). A 2002 amendment to Rule 11(e)(1)(C) made "stylistic" changes and recodified the provision as Rule 11(c)(1)(C). *United States v. Scurlark*, 560 F.3d 839, 841 n.3 (8th Cir. 2009).

*novo* review of departures from the applicable Guidelines range," 543 U.S. 220, 259 (2005). Having concluded that those provisions were inconsistent with the Sixth Amendment, *Booker* severed them, *see id.* at 245, and held that the federal sentencing statute "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns," including the § 3553(a) factors. *Id.* (citation omitted). After *Booker*, we review sentences for "significant procedural error" and "substantive reasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because a substantively unreasonable sentence reflects an abuse-of-discretion on the part of the district court "in determining that the § 3553(a) factors supported" the sentence, *id.* at 56, an unreasonable sentence is imposed in violation of § 3553 and triggers § 3742(a)(1). *See, e.g.*, *United States v. Kelly*, 229 F. App'x 328, 329 (5th Cir. 2007) (per curiam); *United States v. Denton*, 434 F.3d 1104, 1113 (8th Cir. 2006); *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1112-14 (10th Cir. 2006); *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006).

Gonzalez challenges his sentence as substantively unreasonable, and so ordinarily, we would review his appeal under § 3742(a)(1). But, as we explained, the district court was bound to impose Gonzalez's 360-month sentence after accepting his Rule 11(c)(1)(C) plea, which agreed to a sentence of that specific length. *See* Rule 11(c)(1)(C). And we have not yet decided whether an agreed-upon sentence imposed by a district court after accepting a Rule 11(c)(1)(C) agreement can be substantively unreasonable and therefore "imposed in violation of law" within the meaning of § 3742(a)(1).[3]

---

[3] In *United States v. Pearson*, we suggested that on appeal from a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement, a defendant cannot claim that "the district court, though properly calculating the Guidelines range, erred by electing to depart upwardly therefrom or by excessively so departing (though not exceeding the statutory maximum)." 37 F.3d 630, 1994 WL 558881, at *3 n.5 (5th Cir. 1994) (unpublished but precedential under

Our fellow circuits are divided on this question. *Compare United States v. Olson*, 544 F. App'x 114, 117 n.1 (3d Cir. 2013) (holding that § 3742(a)(1) provides jurisdiction over a challenge to the reasonableness of a Rule 11(c)(1)(C) sentence), *United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008) (reviewing sentence imposed after Rule 11(c)(1)(C) agreement for substantive reasonableness), *United States v. Lovell*, 811 F.3d 1061, 1063 (8th Cir. 2016) (reviewing reasonableness of Rule 11(c)(1)(C) sentence after stating that "a defendant who . . . exposes himself to a specific sentence in a plea agreement may not challenge that punishment on appeal" (cleaned up)), *and United States v. Perez*, 464 F. App'x 467, 469 (6th Cir. 2012) (per curiam) (resolving reasonableness challenge on waiver grounds without addressing jurisdiction), *with United States v. Armendariz-Reza*, 502 F. App'x 810, 812-13 (10th Cir. 2012) (concluding that sentence imposed pursuant to Rule 11(c)(1)(C) agreement "was not imposed in violation of law because [the defendant] bargained for it," and therefore finding no jurisdiction over reasonableness challenge), *United States v. Powell*, 347 F. App'x 963, 965 (4th Cir. 2009) (concluding that § 3742(a)(1) does not provide jurisdiction over a reasonableness challenge to a Rule 11(c)(1)(C) sentence), *United States v. Allen*, 366 F. App'x 668, 668 (7th Cir. 2010) (finding lack of jurisdiction under § 3742 to review sentence imposed pursuant to Rule 11(c)(1)(C) agreement).

We hold that when a district court accepts a Rule 11(c)(1)(C) agreement and binds itself to impose a sentence specified in the agreement,

---

5th Circuit Rule 47.5.3). Because *Pearson* was decided in a pre-*Booker* world and did not address whether a substantively unreasonable sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is cognizable under § 3742(a)(1), it has no bearing on our power to hear Gonzalez's appeal.

the sentence imposed may be substantively unreasonable.[4]  This is because a Rule 11(c)(1)(C) agreement "does not discharge the district court's independent obligation to exercise its discretion" under "[f]ederal sentencing law . . . to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing." *Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality op.) (quoting 18 U.S.C. § 3553(a)); *see United States v. Badini*, 525 F. App'x 190, 196 (3d Cir. 2013) ("If a district court examines a plea agreement and decides that the sentence is improper, it may refuse to accept the agreement. Thus, its discretion [under *Booker*] is not improperly limited when the parties enter into a plea deal with a stipulated sentence.").  In other words, notwithstanding the parties' agreement as to a sentence, and the district court's acceptance of the guilty plea and imposition of that sentence, the district court has the ultimate responsibility under § 3553(a) to impose a substantively reasonable sentence. 18 U.S.C. § 3553(a).

The procedural requirements for accepting a Rule 11(c)(1)(C) agreement usually ensure that the district court imposes a sentence that meets the substantive requirements of § 3553(a).  As the Supreme Court has explained, "[i]n deciding whether to accept [a Rule 11(c)(1)(C)] agreement that includes a specific sentence, the district court must consider the Sentencing Guidelines" and "may not accept the agreement unless the court is satisfied that '(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity.'" *Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018) (quoting U.S.S.G. § 6B1.2(c)).  These guardrails are designed to keep the district court within

---

[4] As stated below, we do not decide today under what circumstances a Rule 11(c)(1)(C) agreement may waive a substantive reasonableness challenge.

the bounds of the sentencing statute. *See, e.g.*, *Gall*, 552 U.S. at 51 ("If [a] sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (applying rebuttable presumption of reasonableness). They stand as further evidence that the district court could exceed its discretion by imposing a substantively unreasonable sentence, even one to which the parties have agreed.

Accordingly, we will consider a challenge to the substantive reasonableness of a sentence that the district court is bound to impose after accepting a Rule 11(c)(1)(C) agreement.

## II.

Next, the government argues that Gonzalez "waived his right to challenge the reasonableness of his sentence on appeal." We need not address this argument because, even assuming that Gonzalez did not waive this appeal, his sentence is substantively reasonable.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. "[A] sentence is substantively unreasonable if it does not account for a factor that should have received significant weight or represents a clear error of judgment in balancing the sentencing factors." *United States v. Khan*, 997 F.3d 242, 247 (5th Cir. 2021) (cleaned up). But "[t]he fact that this court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* (citation omitted).

Gonzalez argues that the district court "committed clear error by failing to adequately account for factors that should have received significant weight in determining the sentence, namely, [his] history and characteristics and the need for the sentence to provide just punishment for the offense." Specifically, Gonzalez contends that the "360-month sentence was unjust

No. 22-20158

and unnecessary" because "[i]t failed to account for the five years of solitary confinement that [he] had suffered at the request of the [g]overnment's attorney prosecuting his case."[5]

However, at the sentencing hearing, the district court noted Gonzalez's motion for a downward variance based on his time spent in administrative segregation and denied the motion because of "the defendant's role in the offense." Given Gonzalez's involvement in attempted and completed murders in the course of the racketeering conspiracy, we cannot say that the district court imposed a substantively unreasonable sentence. *See Khan*, 997 F.3d at 247.

Moreover, Gonzalez's argument on appeal ignores that he got the benefit of his bargain with the government. This is not a case where a defendant entered a Rule 11(c)(1)(C) agreement with the government and intervening circumstances between the time of the agreement and sentencing rendered the agreed-upon sentence substantively unreasonable. Gonzalez had already served sixty months in solitary confinement when he agreed to a 360-month sentence. Under these circumstances, the district court did not abuse its discretion in finding that the nature of Gonzalez's criminal conduct outweighed the conditions of his pretrial detention.

For those reasons, Gonzalez's sentence is AFFIRMED.

---

[5] Gonzalez notes for the first time on appeal that the district court "did not determine a Guideline[s] range before it imposed [his] sentence." But Gonzalez does not argue that this was error, that his sentence was procedurally unreasonable, or that his sentence should be vacated on this basis. By failing to adequately raise those arguments on appeal, he forfeited them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).