**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN RAMON ARMENDARIZ-
REZA,

Defendant-Appellant.

No. 12-8029

(D. of Wyo.)

(D.C. No. 2:08-CR-00028-ABJ-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Pursuant to a plea agreement, Juan Ramon Armendariz-Reza pleaded guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(D); *id*. § 846. The district court imposed a sentence of 245 months.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Armendariz originally did not appeal his sentence. He then filed a 28 U.S.C. § 2255 motion arguing ineffective assistance of counsel for various reasons, including that his trial counsel had improperly failed to inquire whether he wanted to appeal. The district court appointed new counsel for Armendariz. By stipulation of the parties, the district court granted Armendariz's motion solely on the basis of trial counsel's failure to inquire regarding the desire to appeal. The district court then entered an amended judgment restoring Armendariz's direct appeal rights.

After timely initiation of this appeal, Armendariz's new counsel moved to withdraw and filed an *Anders* brief explaining why he believes there are no non-frivolous grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967); 10th Cir. R. 46.4(B)(1). We grant the motion and dismiss the appeal.

Under *Anders*, counsel must first "conscientiously examine[] a case and determine[] that any appeal would be wholly frivolous," and then "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted). The *Anders* brief submitted in this case discusses the ineffective assistance of counsel issues raised in Armendariz's docketing statement, as well as a potential claim of unreasonableness as to his sentence and whether the

district court performed a proper plea colloquy. Armendariz did not submit any additional arguments on his own behalf.

Armendariz's docketing statement raises three potential ineffective assistance of counsel claims based on his trial counsel's failure to challenge a portion of the factual predicate for Armendariz's sentence, failure to object to a "leader/organizer" enhancement under the United States Sentencing Guidelines, and failure to object to a gun enhancement under the Guidelines. As his appellate counsel correctly points out, however, ineffective assistance arguments raised on direct appeal "are presumptively dismissible." *Calderon*, 428 F.3d at 931 (internal quotes omitted). The only exception is the "rare claim[] which [is already] fully developed in the record." *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995). Armendariz's ineffective assistance claims do not qualify for this exception given that he raises them for the first time on appeal. We therefore agree with counsel that Armendariz's ineffective assistance claims must be dismissed from this proceeding. If he wishes to continue to pursue those claims, Armendariz must bring them in a collateral proceeding.

In addition to the ineffective assistance claims asserted in Armendariz's docketing statement, counsel explored three other potential grounds for appeal.

First, counsel raised the possibility of appealing the procedural or substantive reasonableness of Armendariz's 245-month prison sentence. We agree with counsel that we would not have jurisdiction over any such argument.

-3-

Armendariz pleaded guilty under a Rule 11(c)(1)(C) plea agreement. Having done so, he can only challenge his sentence if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement. *See* 18 U.S.C. § 3742(a) and (c). Armendariz's sentence was not imposed in violation of law because he bargained for it. *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005). Nor was it imposed as a result of an incorrect application of the Guidelines. Although the plea agreement and the presentence report disagreed over the proper offense level, the district court adopted the plea agreement's lower level. And in any event, that was the sentence for which Armendariz had bargained. Finally, Armendariz's sentence was not greater than the sentence set forth in the plea agreement. To the contrary, his plea agreement specified a 262-month sentence, but the district court accounted for time served and sentenced Armendariz to only 245 months. Thus, counsel is correct that we would lack jurisdiction over any argument challenging the length of Armendariz's prison sentence.

Counsel also inquired whether Armendariz has a reasonableness challenge to the monetary fine imposed as part of his sentence. His plea agreement did not establish an agreed-upon fine, but Armendariz never objected to imposition of a fine at any stage of the proceedings below. Therefore, our review of any such objection here would be for plain error.

Plain error exists only where "there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mendoza-Lopez*, 669 F.3d 1148, 1151 (10th Cir. 2012) (internal quotes omitted). Armendariz cannot satisfy this standard. His plea agreement specifically warned him of the potential for a fine of up to $4,000,000. Armendariz did not object, but instead signed the plea agreement and affirmed that agreement in open court. The presentence report calculated a Guidelines-range fine of $25,000 to $4,000,000. Armendariz did not object to this portion of the presentence report or otherwise present evidence of inability to pay a fine. Finally, the fine actually imposed—$9,900—came in well below the Guidelines minimum. Accordingly, Armendariz cannot establish any error, much less one that meets the "plain error" standard.

Finally, counsel explored whether Armendariz's plea colloquy raised any appealable issues. Because Armendariz did not object below to any facet of the plea colloquy, we would review any such claim for plain error. Having reviewed the entire change-of-plea hearing transcript, we concur with counsel that the district court committed no error during that hearing, but instead conducted a hearing that was in all respects thorough and proper.

Apart from counsel's efforts, we have conducted an independent review of the record and have not uncovered any non-frivolous issues relating to Armendariz's conviction or sentence.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge