**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD BALLARD,

    Defendant - Appellant.

No. 16-3274
(D.C. No. 2:14-CR-20057-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **MATHESON**, Circuit Judges.
_____

Richard Ballard appeals an order requiring payment of restitution to victims of his wire fraud offense. Exercising jurisdiction under § 1291, we hold that his plea agreement contains an enforceable waiver of appellate rights. Accordingly, we dismiss this appeal.

## I. BACKGROUND

Mr. Ballard pled guilty to committing wire fraud in violation of 18 U.S.C. § 1343 by diverting investor funds to his personal use. In his plea agreement, he waived his right to appeal his sentence, including any order of restitution imposed by the court.[1] The

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Paragraph 3 of the plea agreement stated:

district court sentenced him to 27 months in prison and ordered him to pay restitution of $415,477.11 to 11 victims who had submitted victim impact statements.[2] Despite his appeal waiver, Mr. Ballard filed this appeal challenging his restitution order as excessive. He argues the district court erred by including in the restitution calculation (1) losses suffered by three individuals he claims were not victims of the offense, and (2) salary payments to his son he claims were not losses.

## II. DISCUSSION

### A. *Jurisdiction*

The Government argues we lack subject matter jurisdiction over this appeal due to 18 U.S.C. § 3742(a), which provides that a defendant may appeal an otherwise

---

3. **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case: (a) 27 months in prison . . . ; (b) 5 years of supervised release; . . . (e) *restitution as determined by the court*.

ROA, Vol. 1 at 28 (emphasis added).

Paragraph 11 of the plea agreement stated:

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or *the components of the sentence to be imposed herein* . . . . In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).

*Id.* at 32 (emphasis added).

[2] Although more than 20 investors suffered losses due to Mr. Ballard's fraud, only those who submitted victim impact statements were awarded restitution.

2

final sentence if the sentence:  (1) "was imposed in violation of law," (2) "was imposed as a result of an incorrect application of the sentencing guidelines," (3) is greater than the term of imprisonment under the applicable guidelines range, or (4) "was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."  18 U.S.C. § 3742(a).  But we need not rely on § 3742(a) to establish jurisdiction here.  The district court's entry of a sentence constitutes a final order, thereby establishing subject matter jurisdiction under 28 U.S.C. § 1291.  *United States v. Hahn*, 359 F.3d 1315, 1320 (10th Cir. 2004) (en banc); *see* 28 U.S.C. § 1291 (providing that courts of appeals have subject matter jurisdiction over final orders of district courts).

The Government also suggests we lack jurisdiction due to 18 U.S.C. § 3742(c), which limits when a defendant who entered a Rule 11(c)(1)(C) plea agreement that included a "specific sentence" may appeal.[3]  But the plea agreement here only included "restitution as determined by the court" rather than a specific amount of restitution.  ROA, Vol. 1 at 28.  Section 3742(c) is thus inapplicable.  In any event, as explained above, we derive our jurisdiction from § 1291.  *See Hahn*, 359 F.3d at 1320.

### B. *Appellate Waiver*

The primary question is whether to enforce Mr. Ballard's appeal waiver and dismiss his challenge to the restitution order.  In this section, we provide legal

---

[3] Section 3742(c) refers to Rule 11(e)(1)(C).  In 2002, Rule 11(e)(1)(C) was renumbered as Rule 11(c)(1)(C), though no substantive changes were made.

3

background on the Mandatory Victims Restitution Act ("MVRA") and this court's

*Hahn* framework for determining when to enforce appellate waivers. We then apply

*Hahn* and conclude that Mr. Ballard's waiver bars this appeal.

1. **Legal Background**

a. *The Mandatory Victims Restitution Act*

Federal courts lack inherent authority to order restitution and may do so only when

authorized by statute, such as the MVRA. *United States v. Gordon*, 480 F.3d 1205, 1210

(10th Cir. 2007). The MVRA requires courts to order restitution if the offense of

conviction "involves as an element a scheme, conspiracy or pattern of criminal activity."

18 U.S.C. § 3663A(a)(2). Wire fraud includes as an element a scheme to defraud.

*United States v. Daniel*, 749 F.3d 608, 613 (7th Cir. 2014); *see also* 18 U.S.C. § 1343.

The maximum amount of restitution permitted under the MVRA is "the full

amount of each victim's losses as determined by the court." 18 U.S.C.

§ 3664(f)(1)(A); *see also Gordon*, 480 F.3d at 1211 (providing that the MVRA

authorizes restitution to cover victims' "loss[es] resulting from the count to which

[the defendant] pled guilty") (citing *Hughey v. United States*, 495 U.S. 411, 420

(1990)); *United States v. James*, 564 F.3d 1238, 1246 (10th Cir. 2009) (stating that

courts determine restitution based on victims' "actual loss"). "Restitution must not

unjustly enrich crime victims or provide them a windfall." *United States v. Ferdman*,

779 F.3d 1129, 1132 (10th Cir. 2015).

In calculating loss under the MVRA, the court is not required to use absolute

precision. *United States v. Gallant*, 537 F.3d 1202, 1252 (10th Cir. 2008). "A

4

sentencing court may resolve restitution uncertainties with a view towards achieving fairness to the victim, so long as it still makes a reasonable determination of appropriate restitution rooted in a calculation of actual loss." *Id*. (quotations omitted). Although the statute permits some imprecision, a restitution order that exceeds the maximum amount—i.e., the victims' actual loss—is unlawful under the MVRA. *See Gordon*, 480 F.3d at 1210.

b. Hahn's *three-part framework*

Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) "the defendant knowingly and voluntarily waived his appellate rights," and (3) "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. One of the situations we identified as a miscarriage of justice is "where the sentence exceeds the statutory maximum." *Id*. at 1327 (quotations omitted). Enforcing an unlawful restitution order "constitute[s] a miscarriage of justice because [the order] is beyond the remedy authorized by the statute." *Gordon*, 480 F.3d at 1212.

2. **Analysis**

Mr. Ballard does not dispute that he waived his appellate rights knowingly and voluntarily; the only questions here relate to (a) the scope of the waiver and (b) whether enforcement would result in a miscarriage of justice.

a. *Scope of the waiver*

Mr. Ballard's challenge to the restitution award falls within the scope of his appeal waiver. In paragraph 11 of the plea agreement, Mr. Ballard "waive[d] any

5

right to appeal . . . the components of the sentence to be imposed herein . . . ." ROA, Vol. 1 at 32. In paragraph 3, the components of the proposed sentence included "restitution as determined by the court." *Id*. at 28. The plea agreement also stated that "the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C)." *Id*. at 32.[4] But the parties did not recommend a specific restitution order amount, so this exception does not apply. Because restitution, "as determined by the [district] court," was a component of the sentence, Mr. Ballard's appeal is within the scope of his waiver. *Id.* at 28.

2. **Miscarriage of Justice**

Mr. Ballard contends that the restitution order exceeds the MVRA's statutory maximum because it requires payments to individuals who were not victims and includes amounts of money that were not losses under the MVRA. The restitution order, he concludes, is thus unlawful and unenforceable. We disagree.

The district court's restitution order does not exceed the victims' actual loss and thus does not exceed the MVRA's statutory maximum. The court imposed a restitution award of $415,477.11—the amount of investors' money the FBI determined Mr. Ballard embezzled for personal use. But the record supports that the victims' actual loss—the proper basis of a restitution calculation—is actually much higher. Mr. Ballard's top two investors invested a total of $500,000 into his companies, which "because of [Mr.

---

[4] The plea agreement expressly preserved Mr. Ballard's right to appeal two issues: (1) ineffective assistance of counsel and (2) prosecutorial misconduct.

6

Ballard's] fraud . . . were basically worth nothing to the investors" in the end. ROA, Vol. 2 at 93. Even without taking into account the losses of the additional nine victims receiving restitution, the losses attributable to these two investors alone provide ample support for the restitution order. Nor does the restitution result in a windfall for the victims, as the amount each was awarded is still significantly less than what the U.S. Probation Office determined they were due—a fact Mr. Ballard does not contest.

Mr. Ballard contends that losses attributed to three individuals should have been subtracted from the award because they were not victims.[5] Although these individuals were never slated to receive restitution, their losses were included in the total amount of restitution to be divided among the 11 victims who submitted victim impact statements. Mr. Ballard has a point. If someone is not a victim deserving restitution under the MVRA, then the restitution award—which must reflect the actual loss suffered by *the victims*—should not include losses attributable to that person. But any such error here is harmless because, as explained above, ample record evidence supports the restitution award even without these contested amounts, and thus there is no need to remand. *See United States v. Seignious*, 757 F.3d 155, 164 (4th Cir. 2014).

The same point applies to Mr. Ballard's argument that the restitution award erroneously includes salary payments to his son, which he contends were legitimate business expenses. Again, restitution is calculated based on the victims' actual loss.

---

[5] According to the FBI's forensic report, the restitution award included losses of $18,500, $6,600, and $8,000 attributable to three individuals—two of whom the Government conceded were not victims.

7

Even if the payments to his son were legitimate, the total amount of the investors' losses caused by his fraud far exceeded the actual restitution award of $415,477.11.

Finally, Mr. Ballard argues that our decisions in *Gordon*[6] and *United States v. Hudson*, 483 F.3d 707 (10th Cir. 2007),[7] permit him to appeal the legality of the restitution order. To the extent he argues his appellate waiver does not preclude us from engaging in the *Hahn* analysis above, he is correct. Under *Hahn*, we have jurisdiction over this appeal and a framework for deciding whether an appellate waiver applies. 359 F.3d at 1320, 1325. We have determined that Mr. Ballard has failed to demonstrate that any of the three *Hahn* factors preclude enforcement of the appellate waiver.

To the extent Mr. Ballard contends *Gordon* and *Hudson* allow him to circumvent our en banc decision in *Hahn*, we disagree. Taken together, these two cases support the proposition that we cannot enforce an appeal waiver when the sentence includes an

---

[6] In *Gordon*, we held that the defendant's appellate waiver preserved her right to appeal an unlawful restitution order. 480 F.3d at 1208-09. The restitution order in question was unlawful because it included losses not associated with the sole count of conviction and thus exceeded the MVRA. *Id.* at 1207. Applying *Hahn*, we declined to enforce the appellate waiver because an appeal of an unlawful restitution order "[wa]s beyond the scope of the waiver," *id.* at 1210, and enforcing an unlawful restitution order would "constitute a miscarriage of justice," *id.* at 1212 (citing *Hahn*, 359 F.3d at 1327). Mr. Ballard's restitution order is not unlawful, so this case is inapt.

[7] In *Hudson*, the defendant, who had pled guilty to selling counterfeit software, appealed the amount of restitution, arguing the copyright holder had failed to demonstrate any losses related to his offense. 483 F.3d at 709. Citing *Hahn* and *Gordon*, we held that a defendant cannot "be deemed to have waived his right to appeal the legality of the court's restitution order" and proceeded to find the restitution order unlawful because there was no support in the record that the defendant's actions had deprived the copyright holder of potential sales. *Id*. at 711. Enforcing an unlawful restitution order constitutes a miscarriage of justice under *Hahn*, and we declined to do so. *Id*. Again, the restitution order here is not unlawful.

*unlawful* restitution order—essentially a reiteration of *Hahn's* third prong, which provides that a "sentence [that] exceeds the statutory maximum," such as an unlawful restitution order, would be a miscarriage of justice. *Id.* at 1327. Mr. Ballard's restitution order, however, was not unlawful, and thus these cases are inapt.

* * * *

In sum, Mr. Ballard signed a plea agreement waiving his right to appeal any component of his sentence, including restitution. He appealed the restitution order, challenging its legality. Applying *Hahn's* framework, we conclude that Mr. Ballard failed to demonstrate any of the three circumstances that would preclude application of the appellate waiver. First, his appeal falls within the scope of the waiver. Second, he does not contest that the waiver was knowing and voluntary. Third, the restitution order is within the MVRA's statutory maximum so enforcing the appellate waiver, regardless of whether the district court committed any errors in calculating the award, would not result in a miscarriage of justice.

Accordingly, we hold Mr. Ballard's waiver of appellate rights enforceable and dismiss this appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

9