**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEMETRIUS ANTONNIE BAILEY,

    Defendant - Appellant.

No. 25-2094
(D.C. No. 1:24-CR-00039-KWR-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.
_____

Demetrius Antonnie Bailey pled guilty to 10 criminal counts and was sentenced to 264 months in prison, plus a five-year term of supervised release. He filed a timely notice of appeal. His counsel submitted an *Anders* brief stating that the appeal presents no non-frivolous grounds for reversal. After careful review of the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

record, we agree.  We therefore grant counsel's motion to withdraw and dismiss the appeal.

## I.  BACKGROUND

Between July and September 2023, Mr. Bailey and another individual committed a series of armed robberies of businesses in Albuquerque, New Mexico.

### A. *Indictment*

A federal grand jury indicted Mr. Bailey on 10 criminal counts: (1) one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; (2) seven counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2; (3) one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and (4) one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924.[1]

### B. *Plea Agreement*

Mr. Bailey entered into a plea agreement with the Government.  Under the agreement's terms, Mr. Bailey agreed to plead guilty to all 10 of the charged counts.  The agreement outlined the elements and the minimum and maximum penalties for each count.  It further set forth Mr. Bailey's admission of facts as to each count.

---

[1] Mr. Bailey was originally indicted on three criminal counts.  The grand jury later returned two superseding indictments.  Mr. Bailey pled guilty to the second superseding indictment.

The parties recommended, under Federal Rule of Criminal Procedure 11(c)(1)(C), "that a specific sentence of between 10 and 22 years' imprisonment [wa]s the appropriate disposition in th[e] case." ROA, Vol. I at 70. They also agreed that the district court would enter an order of restitution, and Mr. Bailey agreed to forfeit whatever interest he may have in any asset derived from or used in the commission of the charged offenses.

The agreement included a section titled "WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS," in which Mr. Bailey agreed to waive his right to appeal his convictions "and any sentence imposed in conformity with th[e] . . . plea agreement, as well as any order of restitution entered by the Court." *Id.* at 75.

The district court conducted a change-of-plea hearing and accepted Mr. Bailey's guilty plea as outlined in the plea agreement.

## C. *Sentence*

The United States Probation Office prepared and filed a presentence investigation report ("PSR") that calculated Mr. Bailey's total offense level as 30 and his criminal history category as VI. Because the PSR determined that Mr. Bailey was a career offender, it concluded that his guideline range under United States Sentencing Guideline § 4B1.1 was 292 to 365 months. The PSR also acknowledged that the maximum sentence Mr. Bailey could receive under the Rule 11(c)(1)(C) plea agreement was 264 months.

Mr. Bailey filed a sentencing memorandum asking the district court to impose a sentence of 10 years in prison, the bottom of the plea agreement's sentencing range. The Government filed its own sentencing memorandum asking the district court to impose a 22-year sentence, the top of the agreed-upon sentencing range.

At the sentencing hearing, the court adopted the findings and calculations in the PSR. The court noted that Mr. Bailey had an "extensive criminal history," had "spent a substantial amount of time incarcerated and under supervision," and had "never successfully completed probation or parole." ROA, Vol. III at 42. It further noted that Mr. Bailey engaged in a "sophisticated scheme" that he "enacted over and over" involving "conduct that was dangerous to others." *Id.* at 45. It found that Mr. Bailey was "a significant danger to this community," and "only a significant sentence will promote respect for the law, and promote deterrence for you." *Id.* at 46.

"All of this," the district court concluded, "pushes significantly on the Court for establishing and fashioning a sentence at the higher end of this plea agreement . . . to promote respect for the law, deterrence for [Mr. Bailey] and deterrence for others who might be thinking about doing this or continuing to do this." *Id.* at 47. The court sentenced Mr. Bailey to 264 months in prison, to be followed by a five years of supervised release.

D. *Appeal*

Following the entry of final judgment, Mr. Bailey filed a timely notice of appeal. His counsel filed a brief and motion to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), which "authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). This court sent the *Anders* brief to Mr. Bailey and invited him to respond. He did not do so. The Government has notified the court that it does not intend to file a response to the *Anders* brief.

## II. DISCUSSION

*Anders* provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.... [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal ....

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016).

The *Anders* brief here briefly discusses whether Mr. Bailey has any non-frivolous arguments "about the reasonableness of the sentence or the procedures of this sentencing." Aplt. Br. at 3. It concludes there are none. After conducting a

5

de novo review of the record, we agree and also conclude there are no viable appeal issues.

## A. *Jurisdiction*

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Where, as here, the case involves "a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure" [2] and the sentence imposed is not "greater than the sentence set forth in such agreement," 18 U.S.C. § 3742(c)(1), our review of the sentence is limited to whether it was "imposed in violation of law" or "imposed as a result of an incorrect application of the sentencing guidelines," 18 U.S.C. § 3742(a)(1), (2).

## B. *The Sentence Was Not Imposed in Violation of Law*

When a defendant is sentenced based on the terms of Rule 11(c)(1)(C) plea agreement, the "sentence was not imposed in violation of law because he bargained for it." *United States v. Armendariz-Reza*, 502 F. App'x 810, 812 (10th Cir. 2012) (unpublished).[3] That is the situation here.[4]

---

[2] Although § 3742(c)(1) refers to "rule 11(e)(1)(C)," the latter was renumbered, without any substantive changes, as Rule 11(c)(1)(C) in the 2002 restyling of the Federal Rules of Criminal Procedure, and courts uniformly treat § 3742(c)(1) as referring to the current rule. *See United States v. Ballard*, 713 F. App'x 748, 750 n.3 (10th Cir. 2017) (unpublished).

[3] We cite unpublished opinions for their persuasive value under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[4] The circuits are split on whether an agreed-upon sentence imposed by a district court under a Rule 11(c)(1)(C) plea agreement can be challenged on appeal as

## C. *The Guidelines Were Correctly Applied*

The district court correctly applied the Sentencing Guidelines.  Mr. Bailey

initially objected to the PSR's restitution calculation, which was based on the retail

price of the cellphones that Mr. Bailey stole.  In response, the Government conceded

"that the whole value of [the] stolen property [wa]s the appropriate restitution award

absent additional information from the retailer."  ROA, Vol. I at 105.  And the

district court based the order on "the agreement to the wholesale price for the" stolen

items "as the appropriate restitution amount."  ROA, Vol. III at 36.  There is no

indication in the record that the Probation Office or the district court improperly

calculated the guidelines range.

## D. *Appellate Waiver*

Our review of the record has also revealed an alternative ground for

concluding that this appeal presents no non-frivolous grounds for reversal.  The

Government did not respond to the *Anders* brief, but it could move to enforce the

appeal waiver contained in Mr. Bailey's plea agreement.  *See United States v. Hahn*,

359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).  We will enforce an

---

procedurally or substantively unreasonable and therefore "imposed in violation of law" under § 3742(a)(1).  *See United States v Gonzalez*, 62 F.4th 954, 958-59 (5th Cir. 2023). Even if such a challenge were permissible in this circuit, we are not persuaded that Mr. Bailey's sentence was procedurally or substantively unreasonable.  Nothing in the record shows the district court calculated the sentence improperly.  Further, the district court imposed a sentence below the properly calculated advisory guideline range based on the 18 U.S.C. § 3553(a) factors.

appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *Id.*

As part of his plea agreement, Mr. Bailey waived the right to appeal his convictions "and any sentence imposed in conformity with [the] plea agreement." ROA, Vol. I at 75. The waiver "extend[ed] to any challenge to the manner in which the sentence was determined or imposed." *Id.* At the change-of-plea hearing, the district court found that the plea was "freely, voluntarily, and intelligently made." *Id.* at 79.

Based on the record, we conclude that the requirements for enforcement of the appeal waiver are satisfied and a motion to enforce the appeal waiver would be granted.

## III. **CONCLUSION**

Our independent review of the record reveals no non-frivolous grounds for reversal. We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

8